### MOODY *VS.* KEENER.

1. Where a judgment is reversed, and a cause remanded, the court below has plenary control over every question' not expressly adjudicated, which may arise in the cause.

2. A clerical error in the proceedings, verdict or judgment, may be amended on motion, and this as well after error brought as before.

3. As to what constitutes sufficient evidence to authorise an amendment— *Quere.*

Error to the Circuit court of Tuscaloosa.

Motion to amend judgment, heard by *P. Martin,* J.

This case was formerly before this court, and was reversed and remanded—(7 Porter, —.)  A motion was then made in the court below, by the defendant in error, to amend the entry of judgment in the cause; *nunc pro tunc,* which motion was sustained by the court, and the verdict of the jury amended, and a judgment rendered thereon.  A bill of exceptions was sealed, which discloses—That on the hearing of the cause, the judge's docket for March term, eighteen hundred and thirty-seven, was exhibited, which, opposite to the statement of this case, contained the following memorandum, to wit: "Dem. overruled, Jury 1—verdict for pl'ff;" and also the file of papers of the cause were exhibited, and upon the writ was a writing in these words, to wit: "We, the jury, find for the plaintiff one thousand and seventy-five dollars, with interest and costs of suit."  There was no date to this writing, nor was it signed by any person,

Moody *vs.* Keener.

nor was there any evidence at what time, or by whom it was written. There was no other evidence, and the court rendered judgment, the plaintiff below releasing the interest. To the sufficiency of this evidence to authorise the amendment, the defendant below excepted.

The assignments of error are—

1. The court below erred in sustaining the motion of the plaintiff below to amend the entry of judgment *nunc pro tunc*, and in the judgment rendered upon said motion.

2. The court erred, as set forth in the bill of exceptions.

*Peck*, for plaintiff in error.
*Porter*, contra.

ORMOND, J.—It is objected by the counsel for the plaintiff in error, that the effect of a judgment of this court, reversing and remanding a cause, is to direct a *venire de novo* to issue, and that no other order can be taken in the cause. When a judgment is reversed by this court, and the cause remanded to the court below, without particular directions how to proceed in the cause, the court below has the same power as to all questions arising in the cause, not expressly adjudicated by this court, that it had in the first instance. It is also supposed, that as the judgment was reversed for an error in the judgment, arising out of the verdict, that therefore the court could not direct an amendment of the verdict.

To understand this objection, it will be necessary to consider in what aspect the case was presented in this court. The action was on the case, against the defend-

Moody *vs.* Keener.

ant, as post master, for negligence in the management of his office, by which the plaintiff lost a sum of money ; to which the defendant pleaded the general issue. The jury found a verdict for the defendant, which was entered up by the clerk, "that the defendant did undertake and assume upon himself, in manner and form as the plaintiff against him hath complained, and they assess the plaintiff's damages," &c. ; upon which finding, a judgment was rendered. This court held that this verdict was not responsive to the issue between the parties, which was not whether the defendant had promised; *&c.* but whether he was guilty of the misconduct alleged in the declaration, and that therefore no judgment could be entered up on it.

It is difficult to conceive how the judgment of this court could interfere with the action of the court below. It determined nothing more than that such a finding would not sustain the judgment. The question, whether the court below had power to amend the verdict and judgment, is not so much as hinted at.

The power which is inherent in all courts to correct the mistakes of their officers, is too clear to admit of controversy, and this power extends not only to the pleadings in the cause, but also to the verdict and judgment. The case of Eddows *vs.* Hopkins, (1 Douglass, 375,) is a very striking case to establish the rule. In that case, a general verdict had been rendered on a declaration, containing good and bad counts, and a motion was made to amend the verdict from the judge's notes. The court say, "It is impossible to believe there was such an absurdity in the law, as that a mere mistake of the officer

Moody *vs.* Keener.

should be without a remedy; and that neither the judge or jury could proceed on what there was no evidence of before them. The court then mentioned a case where one Gibbon had been tried and convicted, but a mistake being discovered in the verdict, a consultation with all the judges was held, when the mistake was corrected from the minutes signed by the jury, and the prisoner executed. Now here, there is this distinction, that if there was only evidence at the trial upon such of the counts as were good and consistent, a general verdict might be amended from the notes of the judge, and entered only on those counts; but that if there be any evidence which applies to the other bad or inconsistent counts, (as, for instance, in an action for words, where some actionable words are laid, and some not actionable, and evidence given of both sets of words, and a general verdict,) there the *postea* cannot be amended, because it would be impossible for the judge to say on which of the counts the jury had found the damages, or how they had apportioned them; that in such a case, the only remedy is by awarding a *venire de novo.* But in this case, the rule to arrest the judgment, was discharged, and the order made absolute"—(See also The King vs. Keat, 1 Salk. 48; Petrie vs. Hannay, 3 Term Rep. 659; Doe *ex dem.* Church vs. Perkins, 3 Term Rep. 749; Williams vs. Breedon, 1 Bo. & Puller, 329; Cromwell vs. Grumsden, 1 Ld. Raym., 335; Mayhoe vs. Archer, 1 Strange, 513; Newcombe vs. Green, 1 Wilson, 33;—so it has also been held in this court— 1 Minor, 170, 395; 2 Stewart, 448; and in the case of Goldthwaite vs. Wilkerson, 1 Stewart & Porter, 159, the court sustained an amendment to a judgment, after the lapse of several years.

Moody *vs.* Keener.

There can not, indeed, be any doubt as to the power of the court to amend a clerical error in the pleadings, verdict or judgment; but it is insisted that this cannot be allowed after error: there is no foundation for the objection. That the *postea* may be amended after joinder in error by the judge's notes, (see Petrie vs. Hannay, 3 Term Rep. 659; Doe *ex dem.* Church vs. Perkins, 3 Term Rep. 749.).

In Blakey vs. Birmingham, (2 Strange, 1132,) after error brought, the court amended a judgment, which ran that the plaintiff should " recover," instead of " do recover," it being a misprision of the clerk.

In Moody vs. Stracey, (4 Taunton, 588,) a motion was made to amend the declaration by inserting the letter "t" in the defendant's name, pending a writ of error which had been brought on account of the omission, and allowed.

It is unnecessary to multiply cases, which might be cited to an almost indefinite amount, to show the existence of the rule. The cases cited by the defendant's counsel merely show that an error which is not a clerical misprision cannot be amended.

What evidence will authorise the court to make the amendment, is a much more difficult question, and to the examination of that we will now proceed.

The amendment is made, in most cases, from other parts of the record, but it may be made from notes taken by the judge at the trial, by notes of counsel, or even by affidavit of what took place at the trial, and it has even been held, by the memory of the judge who tried the cause—(Cro. Charles, 338; Buller's N. P. 320.)

In Mayhoe vs. Archer, (1 Strange, 513,) a motion was made for leave to amend a special verdict, upon the affidavit of one of the witnesses at the trial.   The court was of opinion, that a special verdict might be amended by notes taken by the clerk at the trial, or on proof of the certainty of what was given in evidence.   So, in Newcombe vs. Green, (1 Wilson, 33,) a particular fact found improperly by the jury, was amended by the notes of the judge.

In an action brought against an executor, judgment *de bonis propriis* was entered by mistake; the court permitted it to be amended—(Short vs. Coffin, 5 Burrows, 2730.)

In debt upon . a *mutuatis*, the judgment was entered up as of a date before the borrowing; the court directed it to be amended — (Parsons vs. Gill, 1 Salk. 50, and 2 Ld. Raymond, 895.)

Thus, authorities are sufficient to show, that a clerical error is amendable, and the evidence upon which courts rely in directing the amendment to be made.

In this case, the court directed the amendment to be made on the evidence afforded by the notes of the judge, which were in these words: " Dem. overruled, Jury 1— verdict for the plaintiff;" and also on a writing found on one of the papers of the cause, (the writ,) in these words: "We, the jury, find for the plaintiff one thousand and seventy-five dollars, with interest and costs of suit:" there was no evidence by whom, or when it was written, and no other evidence was offered in support of the motion.

A majority of the court think this evidence insufficient

9 P                  33

to authorise the amendment.    Had there been any proof
that the writing found on the writ was the verdict ren-
dered by the jury, it would have been sufficient: this
proof could be made by any one of the jury, by the clerk,
or by any other person who knew the fact.    The entry
on the judge's docket is not considered sufficient, because
the question to be solved is not whether the jury render-
ed a verdict, but what were the terms of the verdict.
The original entry made by the clerk shows, that the
jury rendered a verdict, although such an one as could
not sustain the judgment, and the docket of the judge
does not show any thing more than that a verdict of
some kind was entered.

My own opinion is, that the entry on the docket of
the judge, and the writing on the writ, were sufficient
to authorise the amendment.    The judge's minutes show
that the jury rendered a verdict for the plaintiff.    That
must have been a verdict on the issue of not guilty, for
it cannot be reasonably inferred that the court would
have received any other verdict from the jury, than one
responsive to the issue,  even if we can suppose that the
parties themselves would not have objected to it.    The
memorandum on the writ is still more conclusive.    It is
a paper in the custody of the clerk ;  was in possession
of the jury, and therefore, I think in the absence of all
proof calculated to discredit it, that the inference cannot
be resisted, that it was made by the jury, and is in fact
their verdict; which the clerk afterwards entered im-
properly on the minutes.    It is true, as urged by the
plaintiff's counsel, that the jury may deliver their verdict
orally, but we know the practice to be different, and that

Moody *vs.* Keener.

the uniform course is for the jury to write their verdict, and generally on one of the papers belonging to the file. I acknowledge the force of the reasoning urged by the majority of the court, that the papers and records in the clerk's offices of the State are in many instances kept carelessly, and that access to them is easily obtained; and I acknowledge, also, that if any proof had been made, calculated to throw discredit on the memorandum, —as for example, if there had been a former trial in the cause, or if the papers had been out of the possession of the clerk, there would be force in the objection: but in the absence of any such proof, I think the evidence afforded by the memorandum on the writ, especially when coupled with the entry of the judge, entirely sufficient to warrant the amendment made by the court below.

The opinion of the majority of the court is, that the evidence upon which the court below amended the verdict, was insufficient. The judgment is therefore reversed, and the cause remanded for further proceedings in conformity with this opinion.