COTTRELL v. VARNUM, FULLER & CO.

1. Where a garnishee admits that he is indebted to the defendant in execution, in a sum of money to be paid at a future day, judgment may be rendered against him, with a stay of execution until the maturity of the debt.

WRIT of Error to the Circuit Court of Lowndes.

The plaintiff in error was summoned as a garnishee, at the instance of the defendants, to state on oath what he was indebted, &c. to J. H. McMichael & Co., against whom the defendants in error had recovered a judgment in the Circuit court of Lowndes. At the fall term, 1839, the garnishee appeared and answered that he was indebted to James B. Stephens, one of the firm of J. H. McMichael & Co. in the sum of twelve thousand dollars, payable by promissory note, dated in March or April preceding, and due on the first day of April, eighteen hundred and forty-two. On this answer a judgment was rendered against the garnishee for the amount of the judgment recovered against McMichael, being fourteen hundred and six dollars damages, and eighteen 31-100 dollars costs, with interest on the damages until paid; and execution was stayed until the first day of April, eighteen hundred and forty-two.

ELMORE, for the plaintiff in error.—By the common law, no

judgment could be rendered, or suit maintained upon a promissory note, or other indebtedness, until after its maturity. Our statute authorises an attachment to issue for the recovery of a debt not due, but the proceedings must be stayed until its maturity.— [Aik. Dig. 39, § 7.]

The proceedings on garnishment, issued after judgment, *shall be the same as in case of garnishment issuing on attachment.*— [See Acts of 1837.] In the latter, the court can only render judgment " for all sums of money acknowledged to be due to the defendant" from the garnishee. [Aik. Dig. 42, § 19.] The statute means by the term " due," a debt *now payable*, not one to be paid *in futuro;* such is the sense in which it is used in a kindred act. [Aik. Dig. 39, sec. 7.]

By rendering a judgment against a garnishee, where he shows the debt which he has contracted is to be paid at a future day, he is deprived of the right of rescinding the contract, or of making any defence against its payment, which may afterwards arise. The case of the Branch Bank at Mobile v. Poe, [1 Ala. Rep. N. S. 396,] does not sanction the judgment of the Circuit Court.

The correct course in this case, would have been to stay proceedings until the note matured. Sergeant on Attachment, 65, says that judgment may be rendered before the debt is payable, but the authorities cited by the author do not sustain him. [See 2 Dall. Rep. 211.]

Cook, for the defendant.—The case of the Branch of the Bank at Mobile v. Poe, is an authority to show the regularity of the judgment in the present case; and to the same effect is Sergeant on Attachment, 65.

COLLIER, C. J.—The only question raised in this case is, can a judgment be rendered against a garnishee who admits an indebtedness to be discharged at a future day, previous to the maturity of the debt. The nineteenth section of the attachment act of 1833, enacts that a person summoned as a garnishee, shall answer upon oath what he is indebted to the defendant, &c.; and upon his examination it shall be lawful to enter up judgment, and award execution against him for all sums of money acknowledged to be due to the defendant from him, &c., or so much as shall be sufficient to satisfy the debt, &c. [Aik. Dig. 42.] The " money

acknowledged to be due," it is supposed by the counsel for the
plaintiff in error, means, that which is now payable, and which
the creditor might have demanded at the time of the garnishee's
appearance. If this question were to be considered as entirely
*res integra*, without regard to what has heretofore been the prac-
tice in such cases, the argument would be entitled to great con-
sideration. But as we regard it rather a question of practice
than as affecting the rights of the garnishee, whether a judgment
shall be rendered with a stay of execution, or the proceeding shall
be continued in Court from time to time until the debt becomes
payable, we think it entirely competent for the plaintiff to pursue
either course ; and as the former has been the most usual, we feel
the less disposed to hold it to be irregular.

By the service of a garnishment on a debtor of a defendant, the
plaintiff acquires a lien on the debt for the satisfaction of his de-
mand, which cannot be divested by any arrangement between the
defendant and garnishee; and the judgment only consummates
the legal transfer of so much of the garnishee's indebtedness as
is condemned thereby, to the payment of the plaintiff's demand.
In this view, the argument that the rendition of the judgment
previous to the maturity of the debt, would prevent a rescission
of the contract between the defendant and garnishee, out of which
the liability of the latter arose, can have no influence ; since a re-
scission as against the plaintiff could have no effect.

If any thing should occur subsequent to the garnishee's exami-
nation, which would furnish a legal defence to an action against
him by the defendant, if remediless at law, he might resort to a
court of equity, and there have the benefit of that defence by per-
petually injoining the plaintiff's judgment against him. And this
would be the garnishee's only mode of redress if the proceedings
against him were to be stayed until the debt matures ; unless the
court, in its discretion, were to permit an amendment of his an-
swer. So that whatever practice be adopted in a case like the
present, the garnishee is not foreclosed from any defence arising
after his answer, which he could have successfully urged against
the defendant.

It has been held in Tennessee, that a debt not due cannot be
attached. [Childress v. Dickins, 8 Yerg. Rep. 113.] While in
North-Carolina, it is said that the attachment law makes notes
not yet due, whether given for money or specific articles, liable

to be attached; and this although the notes were given for property in which the debtor had only an equitable interest. [Peace v. Jones, 2 Murph. Rep. 256.] In Massachusetts, it has been decided, under what is there called trustee process, which is similar to the garnishment here, that a debt, either *solvendum in praesenti*, or *solvendum in futuro* may be attached; but if it be uncertain whether any thing will ever be demandable by virtue of the contract, it cannot be called a debt; and consequently can not be thus reached. [Wentworth v. Whittemore, 1 Mass. Rep. 471.] And in Maryland, it has been determined, than an attachment is a lien upon a note in the hands of a garnishee, whether due or not. [Stewart v. West, 1 H. & Johns. Rep. 536. So, it was held in Pennsylvania, that a bond from a garnishee to the plaintiff's debtor, may be attached, although not due, and execution may issue for the amount when it falls due. [Walker v. Gibbs, 2 Dall. Rep. 211—see also, 1 Yeates' Rep. 255.] And Mr. Sergeant, in his treatise on attachment, lays down the law thus: "Money growing due upon a bond or contract, may be attached before it is due and payable, and judgment may be against the garnishee; but execution shall not issue till the time of payment." We have not looked into the statute law of the States, whose decisions we have cited, to see how far they were probably influenced by any peculiarity in their legislation. This was unnecessary, as our conclusion is influenced by what has been the practice in this State: in addition to which, we have heretofore decided, that a debt not matured may be reached by garnishment.— [The Branch Bank at Mobile v. Poe, 1 Ala. Rep. N. S. 396.]— Without extending this opinion to greater length, we have only to declare that the judgment of the Circuit court is affirmed.