## WOODWARD ET AL. v. CLEGGE.

1. When lands are sold, and a bond for titles given by the vendor, to the purchaser, and notes with sureties given for the purchase money, the sureties are not discharged, in consequence of the title being conveyed by the vendor, without payment of the notes.

2. A party whose acceptance of service is not spread on the record, in the first instance, may cure the defect, by admitting the fact, at a subsequent term, although there are other parties to the suit.

Writ of error to the Circuit Court of Talladega.

Assumpsit by Clegge, against Woodward, P. E. Pearson and E. A. Pearson, on a promissory note. The defendants were not served with process, but on the writ is indorsed an agreement, purporting to be signed and sealed by them, waiving the necessity for service by the sheriff. The Pearsons pleaded to the declaration—

1. Non-assumpsit.

2. That the note declared on was signed by them as sureties of John S. Woodward, to secure the balance due on two other notes, which had been executed to the plaintiff, by Woodward, and the said P. E, Pearson as his surety, which notes were given to secure the purchase money for a certain tract of land, to wit: &c., and described in the bond for titles executed by the plaintiff to said Woodward. And that afterwards, the said plaintiff took up the bond for titles, which all the time had been in the custody of Woodward, and executed to him a fee simple conveyance of said land, thereby parting with the lien which the said plaintiff had upon the land, for the payment of the said note.

3. A plea setting out the same facts as the second, with the additional one, that Woodward afterwards conveyed the land to one Rimpson, which the plaintiff had before conveyed to him.

The plaintiff demurred to the special pleas, and his demurrer was sustained.

Afterwards a judgment was rendered by default against Woodward, without setting out the proof of his acceptance of service, and against the other defendants upon verdict.

At the next term after the rendition of this judgment, Woodward came before the Court, and on the plaintiff's motion, it then appeared to the Court, that due proof of service was made at the previous term ; and the said Woodward consented to a rendition of the judgment *nunc pro tunc,* which was entered then as of the former term. Both judgments are against all the defendants, and for the same sums.

All the defendants join in assigning errors, which are, that the Circuit Court erred—

.1. In sustaining the demmurrers to the special pleas.

2. In rendering the judgment given, under the circumstances disclosed by the record.

S. F. RICE, for the plaintiff in error, insisted that the sureties were entitled, in the event of payment, to be subrogated to all the securities held by the plaintiff; and that the lien upon the title to the land is one of them ; and that if this has been relinquished, the sureties can never be placed in the same condition, and are therefore discharged. [Brown v. Long, 4 Ala. Rep. 50 ; Lucas v. The Governor, 6 ib. 826 ; 1 Lord Ray. 174 ; 1 Chitty, 218 ; McKay v. Dodge, 5 Ala. Rep. 388.]

F. W. BOWDON, contra, insisted—

1. That these pleas are bad, because they state the conclusion of the pleader, that the lien is lost, without setting out the facts from which that conclusion can arise. It does not necessarily result, that the lien is gone for the purchaser may have known the facts. [Frazier v. Thomas, 6 Ala. Rep. 169.]

2. The pleas do not disclose the condition of the land, so that it cannot be known whether the title was made to Woodward on a day certain, or upon the payment of the notes. The covenants of the bond are independent, and therefore no defence can be made to the notes. [Boone v. Eyre, 1 H. B. 273 ; Campbell v. Jones, 6 Term. 670; Carpenter v. Cresswell, 4 Bing. 409.]

3. The contract for the sale of the land being still in force, the fact that the vendor has no title, or has deprived himself of it, is no defence at law. [Clay v. Dennis, 3 Ala. Rep. 375; Young v. Triplett, 5 Litt. 247.]

GOLDTHWAITE, J.—Although the special pleas relied on

Woodward, et al. v. Clegge.

as presenting a defence to the action, may be objectionable on account of the omission of necessary allegations, yet we choose rather to consider them on more general grounds. The argument in support of their soundness is, that a creditor having a security which he can enforce against a principal debtor, cannot discharge it, without its having the effect to release the sureties. If this is even true, when a collateral security is taken from the principal debtor, we have seen no authority to extend the principle so far as to compel the creditor to hold an equitable lien for the benefit of the surety. In McKay v. Grenn, 3 John. C 56, the object of the bill was to obtain for the indorser of a note, used by its maker in payment for lands purchased by him, the benefit of a lien upon the purchased lands. Chancellor Kent there said, that the notion that the indorser had an equitable lien upon the land, because the note he indorsed was applied in part payment of the purchase money, is entirely without foundation. So with us, in the case of Cullum v. Emanuel, 1 Ala. Rep. N. S. 23, a surety insisted, when a mortgage had also been given, that the lands should be exhausted for his indemnity, instead of being applied to the security of other notes without surety, but we considered his claim as having no valid foundation.

It is said by an eminent jurist, that the principle of subrogation seems in former times, to have been considered as authorizing the surety to insist on the assignment, not merely of collateral securities, properly speaking, but also of collateral incidents, and dependant rights growing out of the original debt. [Story's Eq. § 599, a.] But the extension of the principle is denied by the more modern cases, and must be considered as firmly established. [Ib. § 499, c. d. and cases there cited; see also, Foster v. The Athenæum, 3 Ala. Rep. 302.]

In the present case, the lien arising out of the circumstance, that a bond only was executed to convey title at a future day, is a mere incident to the contract, and is not in any sense a collateral, or independent security, and therefore the sureties to the note, which the creditor also required to be added, cannot be said to have any rights which are affected by a conveyance of the title. There was then no error in sustaining the demurrer to these pleas.

2. The rendition of the judgment against Woodward, without proving his acceptance of service of the writ, was irregular, but

this objection being personal to him, was cured, when, at a subsequent term, he came in person, and admitted upon the record that the proof had been made. Independent of this admission, it was entirely competent for the Court to cure the error, by entering the evidence upon the record *nunc pro tunc*. [Moore v. Horn, 5 Ala. Rep. 231.]

Judgment affirmed.