## AINSWORTH v. PARTILLO.

1. When an agent is instructed not to sell a horse for less than $500, and he notwithstanding sells for a less sum, in an action by the owner against the agent, the measure of damages is not the difference between the price placed on the animal by the owner, and the sum for which it was sold, but the actual injury sustained by the breach of the instructions.

2. When an agent instructed to sell a horse, exchanges it for another, the act is a conversion, and the agent becomes liable to the owner, for the value of the animal, without a demand.

3. The refusal of a court to non-suit a plaintiff, because his recovery is less than $50 is not a matter revisable on error.

Error to the Circuit Court of Benton. Before the Hon. G. W. Lane.

THIS was an action of assumpsit, at the suit of the defendant in error. The declaration, among other counts, embraces one for goods, wares and merchandize, sold and delivered; money had and received, and an account stated. The cause was submitted to a jury, who returned a verdict for the plaintiff, for $22 damages, and judgment was rendered accordingly. From a bill of exceptions sealed at the defendant's instance, it appears that evidence was adduced tending to show, that in the spring of 1841 plaintiff sold to defendant a bay mare, that the defendant was to sell her for not

Ainsworth v. Partillo.

less than $500, or if he failed to sell her for that price, then he was to carry her to Tennessee, &c. *Further*, if the mare was sound, she was worth from three to five hundred dollars.

Defendant introduced proof tending to show, he was authorized to sell the mare for the best price she would command, or take her to Tennessee, &c. *Further*, that when he received the mare she was blind in one eye, and the other injured, and her value was from $100 to $150. After defendant received her, she became the subject of litigation, whereby he was prevented from taking her to Tennesse at the time agreed on. When she was released he started with her, and she became diseased in her shoulder on the way, and was unable to travel, so that he was compelled either to leave or to trade her. Under these circumstances, the mare being of but little value, the defendant traded her for a two year old colt.

There was no evidence that the plaintiff ever demanded the mare or colt previous to the institution of this suit. On the part of the plaintiff, it was proved, that the mare subsequent to her sale by the defendant, performed well under the saddle.

The court charged the jury, that if the agreement between the plaintiff and defendant was, that the latter should not sell the mare for less than $500, and that he did sell her for less, then the plaintiff was entitled to recover that sum, subject to abatement by any sum which the defendant may have paid for the plaintiff.

Defendant prayed the court to charge the jury, that the plaintiff could not recover in this action, unless they could ascertain from the evidence, the amount which the defendant received for the mare. *Further*, if the defendant was authorized to sell the mare for the best price she would command, the plaintiff was not entitled to recover, in the absence of proof of a demand of the mare, or her value, or of proof of a settlement by the plaintiff of the amount due the defendant from the plaintiff. This charge was refused, and the jury were instructed, that if the defendant was authoriz-

ed to sell at the best price he could obtain for the mare, the plaintiff was entitled to recover her actual value, without reference to what the defendant obtained for her ; that as the defendant might have shown the value of what he received, and failed to do so, the want of evidence on this point was a circumstance for the jury to consider against the defendant.

After the verdict was returned, the defendant moved to non-suit the plaintiff, because the recovery was less than $50, and no affidavit was made as required by the statute; but his motion was overruled.

Thereupon the defendant moved in arrest of judgment— 1. Because there is a misjoinder of counts in the declaration. 2. Because each of them is insufficient. 3. Because the declaration is a departure from the cause of action, as shown by the writ of attachment, which is the leading process in the cause. But this motion was in like manner overruled.

W. B. MARTIN, for the plaintiff in error.

S. F. RICE, for the defendant in error.

COLLIER, C. J.—The act of 1824, to regulate pleadings at common law, enacts, that " no cause shall be reversed, arrested, or otherwise set aside, after verdict or judgment, for any matter on the face of the pleadings not previously objected to : *Provided*, the declaration contains a substantial cause of action, and a material issue be tried thereon." Clay's Dig. 322, § 53. Without undertaking to scan the declaration in the present case with particularity, it is perfectly certain, that the common counts at least set out a good cause of action. The judgment entry shows, that the issue tried threw upon the plaintiff the burthen of making out his case; this is sufficient to indicate its materiality, and to bring the case within the salutary influence of the act cited.

The affidavit and attachment merely alledge the indebtedness of the defendant in a sum certain, without stating how it originated or is evidenced; several of the counts at least, charge that the defendant is indebted to the plaintiff, and thus far we can discover no discrepancy between the writ and declaration. All the counts are professedly in as-

sumpsit, so that there is no misjoinder, even if it were allowable to make this point after verdict.

In Cummings v. Edmundson, 5 Porter's Rep. 145, the statute which authorizes a plaintiff to be non-suited where he institutes a suit for a less sum than the court can take jurisdiction of, or demands a greater sum than is due, on purpose to evade the act, unless he shall make an affidavit that the sum for which the suit is brought is really due, but for want of proof he failed to recover, was fully considered. We there said, " the act certainly guards the plaintiff from any injury from an improper exercise of the discretion reposed in the court by permitting him, in cases where an opinion prevails that he has improperly used the jurisdiction of the court to avoid the consequences, by making the requisite affidavit ; and we do not hesitate to say, that it would be error to render a judgment of non-suit, when such affidavit was interposed ; but in all other cases under the latter clause of the statute, the action of the court being discretionary, and to be governed by circumstances, cannot be the subject of revision here." This decision has been repeatedly followed, and very clearly determines, that the refusal of the circuit court to non-suit the plaintiff in a case like the present is not a fatal error.

Although the plaintiff may have instructed the defendant not to sell his mare for less than five hundred dollars, and the latter undertook to follow his instructions, yet if he made a sale at a less price, the sum at which he was authorized to sell, would not necessarily be the measure of damages which the plaintiff was entitled to recover. In Austill & Marshall v. Crawford, 7 Ala. Rep. 335, the principal instructed his factors, in whose hands he placed cotton, not to sell for less than fourteen cents *per pound: Held,* that a disregard of this instruction, did not impose a liability on the factor to pay the difference between that price and a smaller sum at which the cotton was sold by him ; but the actual injury sustained by the principal, was the criterion of the damages, and this could be ascertained by proof of the price at which cotton of the same quality was sold during the season. See also Webster v. De Tastel, 7 T. Rep. 157 ; Short v. Skipwith, 1 Brockb. Rep. 103.

These citations are decisive to show that the circuit court did not lay down the law correctly in the first charge to the jury, in instructing them, that if a sale of the mare was made for less than $500, the defendant should account for her at that price. Her value was the injury sustained by the plaintiff, and by this, the court should have charged the jury, his recovery should have been graduated.

It was not necessary for the plaintiff to prove how much the defendant received for his mare, or if he had exchanged her, to show a demand previous to the institution of the suit. The amount received by the defendant, we have seen, cannot determine the plaintiff's damages; therefore, it was unnecessary to adduce proof to this point, or do more than show the value of the animal. Neither the evidence adduced by the plaintiff, or defendant, show that the defendant was authorized to exchange the mare; but the reverse is fairly inferable.

The exchange then, was an act which made the defendant liable for her value—was in itself a conversion, and the defendant became chargeable to plaintiff without any step to be taken by the latter to perfect his right of action. This conclusion is the result of legal principles so clearly established, that it is needless to cite authorities to prove it. Whether an agent who has faithfully pursued his authority, without placing himself in a position antagonistic to his principal, can be sued by the latter previous to demand and notice, is another question. For the error in the first charge to the jury, the judgment is reversed, and the cause remanded.