# REPORTS

OF

## CASES ARGUED AND DETERMINED

### AT JANUARY TERM, 1851.

———————

### TOMLIN *et als*. *vs.* THE STATE.

1. When an appeal is taken to the Circuit Court from the judgment of a Justice of the Peace by which a party is required to find sureties to keep the peace, the Circuit Court is required to proceed with the examination *de novo*, and may therefore refuse to look to the legal sufficiency of the warrant under which the party was arrested.
2. The Circuit Court may render judgment for costs on the appeal bond, against the securities of a party who has appealed from the order of a Justice of the Peace, requiring him to find sureties to keep the peace.
3. A writ of error does not lie to revise the action of the Circuit Court in cases of appeal from the order of a Justice of the Peace, or other officer, requiring a party to find sureties to keep the peace.

ERROR to the Circuit Court of Talladega. Tried before the Hon. E. Pickens.

J. J. WOODWARD, for plaintiffs in error:

It was necessary that a threat should have been stated in the warrant, without it, the court had no jurisdiction to bind the party to the peace.—40 Eng. Comm. Law, 124.

Even if it could be aided by reference to the affidavit, it is not sufficient.—5 Ala. 130; The Statute, Clay's Dig. 446.

Judgment against the securities on the appeal bond is unauthorized and error. Clay's Dig. 446, and 8 Ala. 731.

2

THE ATTORNEY GENERAL, *contra:*

1. The demurrer to the warrant cannot be sustained. All that is necessary in a peace warrant is to recite the substance of the complaint.—Clay's Dig. 446, § 4. Besides no objection to the warrant can be taken in the Circuit Court on appeals from justices.—Clay's Dig. 315, § 12.

2. There was abundant proof to confirm the order of the justice.

3. The examination by the Circuit Court, on cases of this kind, must be "*de novo.*" And the court may confirm the order of the justice, discharge the defendant, or require him to enter into a new recognizance, &c., as the court shall think proper. Clay's Dig. §§ 12,13, p. 447.

The whole proceedings are left to the sound discretion of the court; if so, they are not revisable by this court.

4. The matter of cost is discretionary.—Supra, § 12; Dill v. Phillips, 13 Ala. 350.

5. There was no error in entering up judgment against all the recognizors in the appeal bond.—Clay's Dig. *supra,* § 13.

6. This case should be dismissed for the want of proper parties to the record, unless that defect is cured.—Clay's Dig. 315, § 39.

CHILTON, J.—Sherod Tomlin was proceeded against under the provisions of the Penal Code, (Clay's Dig. 445, *et seq.*) which enacts "that when complaint shall be made to any such magistrate, that any person has threatened to commit an offence against the property or person of another, the magistrate shall examine the complaint, and any witness that may be produced on oath, and cause such complaint to be reduced to writing, and subscribed by the party so examined; and if upon examination, it shall appear that there is just cause to fear the commission of any such offence, by the person complained of, it shall be the duty of the magistrate to issue a warrant, under his hand, with or without seal, reciting the substance of the complaint, and requiring the officer to whom it may be directed, forthwith to apprehend the person complained of, and bring him before such magistrate, or some or other magistrate or court having jurisdiction of the matter."

The complaint was made by one Edward Henry, and a war-

rant was issued by the justice, who proceeded to examine into the alleged cause, and determined that Tomlin had been guilty of a breach of the peace, and that he should find surety to keep the peace in the penalty of six hundred dollars, and adjudged him to pay the cost. Thereupon, he took an appeal to the Circuit Court, having entered into bond with his co-plaintiffs in error, George Hill and John Perry, his sureties, as provided by the 11th section of the Penal Code, Clay's Dig. 446, which authorises an appeal to the Circuit Court upon the party entering into bond and security in a penalty equal to that required to enforce an observance of the peace, for the prosecution of his appeal to effect, and in the mean time, to keep the peace. The Circuit Court of Talladega, to which the appeal was taken, proceeded to hear the appeal, and determined that the justice's judgment be in all things affirmed, and awarded cost against the appellant and the sureties upon his bond; to reverse which judgment, the appellant and his sureties prosecute this writ of error.

1. It is insisted by the counsel for the plaintiff in error, that the warrant which the justice issued was fatally defective in not setting forth that a threat had been made, and hence, he concludes the justice had no jurisdiction. The warrant is certainly informal, and if the Circuit Court had been required to try the appeal upon the regularity of the proceedings as shown by the papers certified to it by the justice, the proceedings would doubtless have been quashed; but that court is required to examine into the cause of complaint *de novo*, (Clay's Dig. 447, § 13;) and without deciding that the statute, allowing amendments, extends to cases of this kind, which partake of the nature of criminal proceedings, we think, the statute requiring the Circuit Court to proceed with the examination anew upon the appeal, that court very properly refused to look to the legal sufficiency of the warrant. It was sufficient if, on examination into the cause of complaint, sufficient reason was shown to the appellate court, why the party should be held to find sureties for the peace. The case of the Queen v. Dunn, 12 Adolp. & Ellis, 599, to which we are referred, is wholly unlike the present. In that case the Court of Queen's Bench was called upon to determine the regularity of the proceedings of commitment had in the Court of Quarter Sessions, and they determined that if the exhibitant had set forth in the articles of the peace no threat, the order of the Police Court re-

quiring the defendant to find sureties of the peace, or stand committed, was irregular, and should be superseded.   In that case the court proceeded upon the return made to the *habeas corpus* and *certiorari;* in this case, the Circuit Court was required to institute a new examination into the merits, and therefore might well disregard informalities in the proceedings had before the justice of the peace.

2. It is objected in the second place, that the Circuit Court could not properly render judgment upon the appeal bond against the sureties for the cost.   The act above referred to provides, that if any party appealing shall fail to support his appeal, his recognizance shall remain in full force and effect, as to any breach of the condition, and shall also stand as security for costs, which shall be ordered by the court appealed to, to be paid by the appellant, &c.—Clay's Dig. 447, § 13.   We were at first strongly inclined to the opinion, that the court could not render a summary judgment against the sureties upon such bond for the costs ; but upon a careful examination of the statutes, we cannot resist ' the conclusion that the framers of the Penal Code designed the bond, so far as the cost is concerned, to have the effect of an ordinary appeal bond.   The several provisions in respect to the manner in which the appeal shall be prosecuted and determined, and the plain declaration that the bond shall stand as security for the cost, when construed together, we think show very satisfactorily that it was the intention of the framers of the code, that this *quasi* criminal proceeding should be subjected to the ordinary remedies governing appeals in civil cases, except that it is allowed to the court to exercise a more enlarged discretion over the subject of cost ; for the Circuit Judge may " make such order in relation to the cost of the prosecution as he may deem just and reasonable."—Clay's Dig. 447, § 12.

What we have said is sufficient to indicate our views as to the correct practice in such cases ; and shows that the Circuit Court did not mistake the law.   But another question arises, which, according to the view we take of it, might well have superseded all further inquiry.   It is, whether a writ of error lies in such cases to revise the proceedings had in the primary court? and upon this point, we entertain no doubt.   The statute confers upon all judicial officers, the mayor and aldermen of cities, and the municipal officers of all incorporated towns, the power to compel obedience

to all laws made for the preservation of the public peace, by requiring persons to give security to keep the peace in certain cases pointed out by the act, and in the manner therein prescribed— Clay's Dig. p. 445-6, §§ 3, 4. An appeal, as we have seen, lies to the Circuit Court of the county from the order of such magistrate, but no writ of error is given, and from the nature of the proceeding, and the discretion vested in the primary court which tries the appeal, it is very clear that this court cannot revise its proceedings upon error, any more than the action of the same court in granting a continuance, or in refusing a new trial, or of the Court of Chancery in the matter of decrees awarding costs merely. If the party be improperly in custody upon an application to bind him to find surety to keep the peace, we will not say he has no remedy, we only decide that remedy is not by writ of error. As to reviewing matters of discretion on error— See 13 Ala. 460; 12 ib. 472; 1 ib. 275; 1 Port. Rep. 187.

Writ of error dismissed.