Metcalf v. Metcalf.

―――――――――――――

## METCALF vs. METCALF.

1. A record can only be amended by some matter of record.
2. A memorandum in the hand writing of the Judge of Probate on the trial docket of his court, in the following words, viz: "J. M. heir of A. M. v. Administrators; Ordered to appoint Auditors, (naming them;) Ordered that they report *instanter;* Auditors report in administrator's hands, $469 82,"—is insufficient to authorize the court to render a decree *nunc pro tunc* at a subsequent term, against the administrators in favor of J. M. for the amount thus ascertained.

ERROR to the Court of Probate of Dale county.

On the 14th August, 1849, a decree *nunc pro tunc* was rendered as of the March term, 1848, by the Court of Probate of Dale county, in favor of Isaac Metcalf against John and Mary Metcalf, administrators of Anthony Metcalf, for the amount of his distributive share of the estate of said decedent. The memoranda upon which the decree *nunc pro tunc* was rendered, are set out in the record, and are as follows :

" Joshua Morris, heir of A. Metcalf, use of J. W. Williamson v. Adm'rs. Judgment on demurrer. Leave to amend granted on payment of costs of the term. Costs paid by S. T. Roach, attorney. Ordered to appoint auditors, Benjamin Walding, Mathew Johnson, and Daniel Johnson. Ordered that they report *instanter*. Auditors report in administrator's hands, $469 82. Isaac Metcalf, heir of A. Metcalf v. Administrators. Same as above as to auditors, &c. Auditors report in hands of administrator, $469 82." The clerk certifies that the foregoing " extract from the trial docket of the Orphans' Court," is the only re-

Metcalf v. Metcalf.

cord, note or memorandum in his office, upon which the proceedings of August 14, 1849, could have been predicated.

BUFORD, for plaintiff in error, cited Brown v. Bartlett, 2 Ala. 30 ; Armstrong v. Robinson, ib. 164; Waldo v. Spence, 4 Conn. 71; Atkins v. Sawyer, 1 Pick. 351; People v. McDonald, 1 Cowen, 189 ; Thompson v. Miller, 2 Stew. 470 ; Bently v. Wright, 3 Ala. 607; Binford v. Daniels, 13 Ala. 667 ; Draughan v. Tombeckbee Bank,1 Stew. 66 ; Rains v. Ware, 10 Ala. 623 ; Bondurant v. Thompson, 15 ib. 202.

F. S. JACKSON, *contra*, contended that the order to enter judgment *nunc pro tunc* was not a judgment on which execution could issue ; and that if an execution was issued upon it a *supersedeas* would be the proper remedy.

PARSONS, J.—There are numerous decisions of this court covering the points presented by the assignment of errors in this case.—Miller v. Thompson, 2 Stew. 470 ; Wilkinson v. Goldthwaite, 1 Stew. & Port. 159 ; Moody v. Keener, 9 Port. 252 ; Brown v. Bartlett, 2 Ala. 30; ib. 164; Benford v. Daniels, 13 Ala. 667 ; Bondurant v. Thompson, 15 Ala. 202. It is well settled by these decisions, that a record can only be amended by some matter of record ; and that parol evidence is not admissible for this purpose. In Brown v. Bartlett, *supra*, it is held that if no warrant for the amendment appears in the record, none can be presumed to exist ; and to the same effect is the case of Rains v. Ware, 10 Ala. 625. Upon what evidence, except the memoranda on the trial docket set out in the record, the judgment *nunc pro tunc*, entered on the 14th August, 1849, was predicated, is not shown, and we have seen that we cannot presume that any other evidence exists, or was before the court; the memoranda are wholly insufficient.

In Moody v. Keener, 9 Port. 252, issue had been joined on the plea of "not guilty," in an action on the case. The jury returned a verdict in favor of the plaintiff, which the judgment entry recited as a verdict in an action of assumpsit. The judgment was reversed by this court, because the verdict was not responsive to the issue. Upon the cause being remanded to the Circuit Court, a motion was submitted to amend the judgment entry *nunc pro tunc*, which was sustained. The evidence in-

troduced to sustain the motion was the docket of the judge presiding on the trial of the cause, which contained the following memoranda opposite the statement of the case, viz: "Dem. overruled. Jury, 1, verdict for plaintiff," and the file of papers in the cause; and upon the writ was an indorsement in these words, viz: "We the jury find for the plaintiff $1,000 25 with interest and costs of suit." This proof was held to be insufficient to authorize the judgment *nunc pro tunc.*

In this case, the memoranda show but few of the facts, upon which a regular decree of the Orphans' Court could be based. They do not show a presentation of his accounts and vouchers by the administrator for settlement, publication as required by law, an allowance of the accounts and vouchers by the court, the amount received by the administrator, or the amount paid out by him; nor do they show who is the administrator, nor whether the settlement was partial or final. If it be legitimate to look to these memoranda, they are wholly insufficient.

The judgment must be reversed, and the cause remanded.