## Ex Parte COBURN.

[APPLICATION FOR MANDAMUS TO PROBATE JUDGE.]

1. *Jurisdiction of probate judge to revise proceedings of magistrate under peace-warrant.*—A probate judge has no jurisdiction, on *habeas corpus* or otherwise, to revise an order made by a justice of the peace, requiring a party to give security to keep the peace, and directing his imprisonment until such security is given : the only mode of revising the action of the justice, is by an appeal to the circuit court under section 3351 of the Code.

APPLICATION by Thomas S. and Edward Coburn for a *mandamus* to the probate judge of Lowndes county, requiring him to allow them to adduce evidence before him, on *habeas corpus*, showing the illegality of their confinement by the sheriff of said county, as hereinafter stated. The exhibits to the petitioners' application showed, that they were arrested, on the 17th December, 1861, under the warrant of a justice of the peace, issued on the complaint of one Jacob Bruce, charging them with a breach of the peace and other apprehended violence; that on the trial before the justice, he made an order, requiring them to give security to keep the peace, and directing their confinement by the sheriff until such security was given; that they then applied to the probate judge for the writ of *habeas corpus*, which was granted; that on the hearing of the *habeas corpus*, the sheriff returned the proceedings under which he held the petitioners in confinement ; that the probate judge thereupon refused to examine into the validity of the proceedings had before the justice, and would not allow the petitioners to produce evidence showing their innocence of the charge imputed to them; and that they reserved exceptions to the several rulings and decision of the probate judge.

W. F. WITCHER, for the motion.

R. W. WALKER, J.—Where, on complaint to a justice of the peace, an order is made by him, requiring an individual to give security to keep the peace, and directing his imprisonment until such security is given; the probate judge has no authority, upon *habeas corpus* or otherwise, to re-examine the case upon the facts, and discharge the prisoner. The only mode of revising the decision of the justice upon the facts, is by an appeal, under section 3351 of the Code, to the circuit court, which can try the case *de novo*, and either confirm the order of the magistrate, or discharge the applicant.—Code, § 3354; *Tomlin v. State,* 19 Ala. 9. The return of the sheriff showed, that the petitioners were held in custody under an order of a justice of the peace, requiring them to give security to keep the peace; and as this order was not open to objection on any of the grounds specified in section 3744 of the Code, the probate judge had no authority to inquire into its legality or justice.—Code, § 3741; Ex parte *Burnett,* 30 Ala. 461. Consequently, the probate judge was right, in refusing to hear evidence touching the guilt or innocence of the petitioners, and properly dismissed the petition.

Motion refused.

STONE, J., not sitting.