# HARRIS *vs.* MARTIN.

[JUDGMENT BY DEFAULT—AMENDMENT NUNC PRO TUNC.]

1. *Amendment of judgment, to show acknowledgment of service.*—Where service of the writ is acknowledged, and judgment by default is taken, but the judgment-entry does not show that the acknowledgment of service was proved, there are two modes of remedying the defect: 1st, by proving the acknowledgment at subsequent term; 2d, by amending the judgment at a subsequent term, *nunc pro tunc*, so as to make it show that the acknowledgment was in fact proved at the former term. But the word *service*, entered on the docket of the former term, in the handwriting of the presiding judge, is not, of itself, sufficient to authorize an amendment *nunc pro tunc*; nor is the affidavit of the plaintiff's attorney, to the effect that, at the former term, "he proved the service in the usual mode, that is, by stating as attorney in the case that the defendant acknowledged service of the summons in his presence," sufficient to authorize the amendment in either mode.

APPEAL from the Circuit Court of Tuskaloosa.
Tried before the Hon. WM. S. MUDD.

THIS action was brought by Joshua L. Martin, against John J. Harris, and was commenced on the 27th February, 1863. Judgment by default, in the usual form, was rendered against the defendant at the September term, 1863. At the September term, 1864, the plaintiff moved "to amend the judgment *nunc pro tunc*, so as to set forth in the judgment-entry that the service of the summons and complaint on said defendant was proved to the satisfaction of the court on the trial of said cause." On the hearing of this motion, as the bill of exceptions states, "the plaintiff offered to read the affidavit of Wm. H. Martin, his attorney in the case, which affidavit is in the words and figures following." The affidavit states, that, at the term the judgment was rendered, "and previously to asking for judgment, he proved the service of summons on the defendant in the usual mode; that is, by stating, as attorney in the case, that the defendant had acknowledged service of said sum-

mons in his presence." The defendant objected to the reading of this affidavit as evidence, and reserved an exception to the overrruling of his objection. The plaintiff also read in evidence, from the court docket of the former term, the entry made in the case by the presiding judge, being the single word " *service.*" " This being all the evidence, the court allowed the motion to amend the judgment *nunc pro tunc,* so as to show that the acknowledgment of service was proved at the term the judgment was rendered ; to which ruling of the court the defendant excepted." The judgment allowing the amendment, and the admission of the affidavit as evidence, are now assigned as error.

E. W. Peck, for the appellant.

Goldthwaite, Rice & Semple, *contra.*

A. J. WALKER, C. J.—The appellee took judgment by default, and the fact of the acknowledgment of service of process was not stated in the judgment-entry. There were two modes of remedying this defect. One mode was by proving the *factum* of the acknowledgment of service, at a subsequent term.—*Moore v. Horn & Bouldin,* 5 Ala. 234; *Woodward v. Clegge,* 8 Ala. 317. The other mode was by an amendment, *nunc pro tunc,* of the record.

The appellee did not correctly pursue the former mode, because he introduced no evidence of the fact that service had been acknowledged, except an affidavit of the attorney, who procured the judgment, that he *"stated"* to the court, when the judgment was rendered, that service had been acknowledged. If we concede that an affidavit was admissible in evidence, we know of no principle, upon which the mere declaration of an attorney, although made in open court, could be received as evidence of a fact, unless by consent, either expressed or implied. We can not decide that, as an original proposition, the fact of service was proved.

The only other evidence conducing to show that the service had been proved, was an entry on the docket, in the handwriting of the presiding judge, of the word *"service."* We do not think that this was sufficient to authorize an

amendment *nunc pro tunc*, showing that the acknowledg-
ment of service had been proved. In the case of *West v.
Galloway*, (32 Ala. 306,) it was held, that an entry on the
docket, of the words "service proved," was sufficient evi-
dence, upon which to base an amendment showing that
service had been proved. But here we have only the word
"*service*." We have no affirmation as to the service. Whether
it was proved, or not proved, is not stated. Perhaps, if we
were to look at the word alone, and indulge in conjecture,
we would conclude that the presiding judge commenced to
write "service proved," and was arrested by the conviction
that the proof was insufficient, and therefore did not com-
plete the sentence. Before an amendment *nunc pro tunc* is
made, there must be enough, either of record, or *quasi* of
record, to enable the court to see that the amending matter
ought to have been put upon record at the former term.
*Moody v. Keener*, 9 Porter, 252.

Reversed and remanded.

NOTE BY REPORTER.—In response to an application for a
rehearing, by the appellee's counsel, the following opinion
was afterwards delivered:

PER CURIAM.—In response to the application for a re-
hearing, the majority of the court submit the following
views. The rules heretofore declared allow two modes of
amending the defect found in the original judgment in this
cause. One mode was by amending the judgment *nunc pro
tunc*, when the proof of acknowledgment had been made
before judgment was rendered, but the clerk omitted to
note the fact of such proof in his judgment-entry. This
was strictly amending the judgment *nunc pro tunc;* making
it *now* speak what the proof *then* (to-wit, on the former
trial) was. To amend a judgment *nunc pro tunc*, under this
rule, the same principles govern, which obtain in all other
cases of amendments *nunc pro tunc*. Oral proof will
not be received; but the evidence, to justify such amend-
ment, must be of record, or *quasi* of record.—*Lee v. Houston*,
20 Ala. 301; *Kitchen v. Moye*, 17 Ala. 143; *Metcalf v. Met-
calf*, 19 Ala. 319; *Kidd v. Montague*, 19 Ala. 619; *Saltmarsh*

Harris v. Martin.

*v. Byrd*, 19 Ala. 665 ; *Hudson v. Hudson*, 20 Ala. 364; *Moore v. Leseuer*, 33 Ala. 237–43.

The other mode allows the *factum* that service was acknowledged to be proved, as an original proposition, although there was no proof made of such acknowledgment when the judgment was rendered. This extension of privilege is exceptional, and proves the strong leaning of the court against reversals for the omission found in this record.—See *Moore v. Horn*, 5 Ala. 234 ; *Woodward v. Clegge*, 8 Ala. 317.

These two modes of remedying such defect, are certainly broad and comprehensive enough to cover all cases that can arise. The course pursued in the record before us does not conform to either rule. There was no evidence of record, or *quasi* of record, to justify the amendment; for the word *service*, written on the docket in the handwriting of the judge, unaided by other words, means nothing. If we admit that the affidavit filed by the attorney does show, if it were admissible evidence, that proof was made of the acknowldgment of service at the time judgment was rendered, this falls short of proof of the *factum* of service under the second rule above declared. The evidence fails to bring the case within the rule first stated, because it was not of record, or *quasi* of record. It does not conform to the rule last stated, because it does not prove *the fact* that service was acknowledged.

While we concede that our predecessors have been very indulgent in extending the rules for amendment, in cases like the present, we are not inclined to sanction a further extension, when it is so easy to conform to one or the other of the rules heretofore laid down.

We are aware that, in the circuit courts, the custom has long prevailed of proving acknowledgments of service, by the unsworn statements of counsel. When such statements are made, and are not objected to, they are received as evidence ; the implied understanding being, that the oath of the witness is waived. If objected to, such unsworn, statements would not be received. It is not our purpose to unsettle this courteous practice, which has so long prevailed,

The petition for rehearing is overruled.

A. J. WALKER, C. J., not present.