Speer v. State.

## J. K. SPEER v. STATE OF NEBRASKA.

FILED MARCH 5, 1902.   No. 12,474.

1. **Proceeding for Prevention of Crime:** COSTS.   The defendant in a proceeding for the prevention of crime may be taxed with costs only (1) where he is held to bail by the district court; and (2) where, for want of bail, he is sent to prison.

2. **Costs:** CRIMINAL CODE: CONVICTION.   Sections 500 and 501 of the Criminal Code, authorize the taxation of costs only in cases where a crime has been charged and there has been a conviction in accordance with established procedure.

ERROR from the district court for Holt county.   Tried below before HARRINGTON, J.   *Reversed.*

*R. R. Dickson* and *E. H. Benedict,* for plaintiff in error.

*Frank N. Prout, Attorney General,* and *Norris Brown, Deputy,* for the state.

SULLIVAN, C. J.

This was a proceeding for the prevention of crime, brought under chapter 26 of the Criminal Code.   The

plaintiff in error was charged with having threatened to commit murder and was arrested, brought before a magistrate, and upon examination, required to enter into a recognizance for his appearance at the next term of the district court, and in the meantime to keep the peace and be of good behavior generally, and especially toward Ed E. Hunter, the person who filed the complaint, and against whom the threats had been made. Bail was given in compliance with the order, and at the next term of the district court the parties appeared, the witnesses were examined and the case disposed of in the following manner:

"The court being fully advised in the premises finds that there was sufficient and just grounds for the complaint in this case and for binding the said J. K. Speer over to keep the peace. The court further finds that it is not necessary to require the defendant to enter into any further security to keep the peace in the future. The court further finds that said J. K. Speer is liable for all costs in this cause both in the county court and in this court; it is therefore ordered and decreed that said J. K. Speer pay all costs in this cause, the said J. K. Speer to stand committed until said costs are paid."

Only one question is raised by the petition in error, and that is whether the court had authority under the findings to tax the costs to Speer. Sections 274, 275 and 276 of chapter 26 aforesaid are as follows:

"Sec. 274. The district court to which any transcript or recognizance to keep the peace, as aforesaid, shall be returned, shall, upon the appearance of the parties complaining and complained of, examine the witnesses produced upon oath, and may either discharge the accused from his recognizance or commitment, or may order him to enter into such other and further security as may be just thereafter to keep the peace and be of good behavior for such term of time as the court may order.

"Sec. 275. For want of such security the court shall commit the person accused to the jail of the county, there to remain until such order be complied with, or he be other-

wise discharged by due course of law; but in no case shall a person so failing to give security be confined for a period of time exceeding one year.

"Sec. 276. Whether such person be held to bail or be committed for want thereof, the court shall, in either case, render judgment against him for the costs of the prosecution and award execution therefor."

From a consideration of these provisions of the statute it is manifest that when a case of this kind is heard in the district court, one of two things must be done: Either the accused must be discharged from his recognizance or commitment, or else he must be required to give other and further security to keep the peace and be of good behavior for such period as the court may direct. If the order for further security be not complied with, the defendant may be committed to the county jail. Section 276 authorizes the taxation of costs against an accused person in a proceeding for the prevention of crime in two cases only: (1) where he is held to bail; and (2) where for want of bail he is sent to prison. Speer was not required to give bail by the district court and he was not committed for want of bail. There was therefore no authority under chapter 26 for taxing him with the costs of the proceeding.

It is suggested, however, that the decision of the district court may be warranted by sections 500 and 501 of the Criminal Code. In our judgment these sections have no relation whatever to proceedings under chapter 26. The plaintiff in error was not charged with the commission of any crime, and consequently the court had no power to punish him. Before sentence can be pronounced against a person brought for any purpose before a court of criminal jurisdiction, he must be charged and convicted in accordance with established proceedure. The decision of the district court is

REVERSED.

NOTE.—*Peace Warrant.*—The circuit court is required to proceed with the examination *de novo*, and may therefore refuse to look at the legal sufficiency of the warrant under which the party was arrested. *Tomlin v. State*, 19 Ala., 9.—REPORTER.