# CASES

# SUPREME COURT OF ALABAMA

## Cox *v.* The State.

*Habeas Corpus.*

(Decided Dec. 17, 1908. 47 South. 1025.)

1. *Proceedings to Keep the Peace; Affidavit; Essentials.*—An affidavit charging a threat to kill a specific person is sufficient to sustain a warrant on a proceeding to keep the peace under sections 7520-40, Code 1907, since all that it needs show is that defendant has threatened or is about to commit an offense against the person or property of another.

2. *Habeas Corpus; Questions Reviewable; Peace Proceedings.*—The finding of a justice of the peace in a peace proceeding on the facts cannot be reviewed on habeas corpus; the only remedy is by appeal under section 7532, Code 1907.

APPEAL from Marshall Circuit Court.

Heard before Hon. W. W. HARALSON.

Petition by C. C. Cox for a writ of habeas corpus. From a judgment denying the petition, petitioner appeals. Affirmed.

The petitioner alleges that he is confined in the county jail of Marshall county under an alleged order of a magistrate of Marshall county, issued by one Marsh, a justice of the peace, made in alleged peace proceedings, and that said order was insufficient, which order is as follows: "On examination of C. C. Cox, charged with not keeping the peace, it appearing that such an offense had been committed, and that there is sufficient cause to be-

lieve that C. C. Cox is guilty thereof, you are therefore commanded to receive him into your custody and detain him until he is legally discharged by making and entering into a $2,500 bond." The petitioner also alleged that the affidavit is void, and it is as follows, omitting the formal features: "Before me, W. P. Marsh, a justice of the peace in and for said county, personally appeared Alva Thompson, who, by me being first duly sworn, deposes and says that he has reason to believe and does believe that within 12 months before the making of this affidavit, and in said county of Marshall, C. C. Cox threatened the life of Alva Thompson, against the peace and dignity," etc. The following warrant was issued upon said affidavit: "You are hereby commanded to arrest C. C. Cox, and bring him before me immediately, on the 4th day of September, 1908, to answer the state of Alabama on a charge of threatening the life of Alva Thompson, preferred by Alva Thompson." A hearing was had, judgment entered, and mittimus issued as above set out.

JOHN A. LUSK, for appellant. The affidavit and warrant under which petitioner was arrested and held by the justice of the peace was not sufficient.—Secs. 7520, 7523, Code 1907; *Howard's Case*, 121 Ala. 21; *Knowles' Case*, 24 Ala. 672; *Crumpton v. Newman*, 12 Ala. 199; *Duckworth v. Johnson*, 7 Ala. 578. The warrant on which the defendant was arrested was void and the mittimus was void, and the judge should have discharged the petitioner.

ALEXANDER M. GARBER, Attorney General, for the State.

TYSON, C. J.—This appeal is from an order denying the petition of appellant for a writ of habeas corpus.

[Stallworth v. The State.]

Appellant was arrested upon a warrant issued by a justice of the peace upon an affidavit deposing the fact that he had threatened the life of Alva Thompson. The proceeding before the justice was such as is authorized by sections 7520-7540 of the Code of 1907, designated therein as "proceedings before magistrates to keep the peace." All that is necessary to be shown by the affidavit, the foundation for the exercise of jurisdiction, is that the "person has threatened or is about to commit an offense on the person or property of another;" and when the affidavit contains the statement of either of these jurisdictional facts the warrant issued thereon and in accordance with it is not void.

The affidavit assailed in this case in substance charges a threat to kill Thompson, which clearly involves an offense against his persoin; and, while perhaps it would not withstand the attack of a demurrer, it was sufficient to invoke the exercise of the jurisdiction of the justice issuing the warrant. Neither it nor the warrant was void. This is the only question that could be presented by this proceeding.

The only mode of revising the decision of the justice upon the facts is by appeal.—Section 7532, Code 1907; *Ex parte Coburn,* 38 Ala. 237.

Affirmed.

ANDERSON, SIMPSON, and DENSON, JJ. ,concur.