[Croft v. The State.]

# Croft *v.* The State.

*Indictment for Crime against Nature.*

1. *Charge as to reasonable doubt and probability of innocence.*—A charge asked in a criminal case, instructing the jury that "a reasonable doubt of the defendant's guilt is not the same as a probability of his innocence, but may exist when the evidence fails to convince the jury that there is a probability of defendant's innocence," asserts a correct legal proposition, is not ambiguous, argumentative or misleading, and its refusal is reversible error.

FROM the Circuit Court of Etowah.

Tried before the Hon. JOHN B. TALLY.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAN, J.—The only exception reserved on the trial below goes to the refusal of the court to give the following charge requested by defendant: "A reasonable doubt of defendant's guilt is not the same as a probability of his innocence. A reasonable doubt of defendant's guilt may exist when the evidence fails to convince the jury that there is a probability of defendant's innocence." There can be no doubt that the abstract proposition involved in this request is a sound one. Under the ruling in the case of *Williams v. State*, 52 Ala. 411, however, this charge would be condemned as being confusing, in that it fails to enlighten the jury as to the meaning of the expression "probability of innocence." In that case, the trial court refused to instruct the jury that, "if from all the evidence there is a probability of the innocence of the defendants, the jury must find them not guilty;" and this court, holding that the refusal was proper, said: "It [the charge] would have involved the jury in doubt and uncertainty, unless it had been carefully explained to them what was intended by *a probability of innocence.*" But, in the subsequent case of *Bain v. State*, 74 Ala. 38, *Williams'* case was overruled as to the point under consideration, and it was held that a charge requested by the defendant, to the effect that "*a probability of defendant's innocence* is a just foundation for a reasonable doubt of his guilt, and therefore for his acquittal," should have been given. Reaffirming *Bain's* case, our conclusion must be that

there is nothing in the phrase, "probability of innocence," as employed in the present case, which involves a tendency to confuse the jury, and that the request is not objectionable on that ground. Nor can it be contended that any other term or phrase of the proposed instruction was of a character to require explanation to avoid confusing the jury. So that, when taken as a whole, we are unable to perceive that the request belonged to that class of charges which is condemned in *L. & N. R. R. Co. v. Hall*, 87 Ala. 723, as being ambiguous, involved and metaphysical. The only other possible objection to it is that it is argumentative; and this we think is untenable. It is, of course, the right of a defendant to have the jury instructed as to the measure of proof necessary to his conviction, and the character of the doubt of his guilt which will justify,—even require his acquittal. This, it would seem, can not be better or more intelligibly accomplished than by differentiating the reasonable doubt which demands a verdict of not guilty from other possible mental conditions which, though they too require acquittal, are not essential to that result, since, though they may not exist at all, yet there may be such a doubt reasonably arising from a fair consideration of all the evidence as would entitle the defendant to a favorable verdict. And there would appear, indeed, to be a sort of necessity for this differentiation between a reasonable doubt and a probability of innocence, in view of our decisions which, to the mind of a layman, might admit of being contorted into a requirement that the jury should believe that the defendant is probably innocent before they would be justified in finding him not guilty. The charge, in our opinion, ought to have been given.

The judgment is reversed, and the cause remanded.