[State v. Sistrunk.]

# State *v*. Sistrunk.

## *Habeas Corpus Proceedings.*

1. *Habeas corpus proceedings; jurisdiction of committing magistrate; other judge or magistrate without jurisdiction to award habeas corpus pending preliminary examination.* Where upon an affidavit made before a justice of the peace charging a felony, a warrant is issued and the accused is arrested on such warrant and lodged in jail until such time as the charge might be investigated by the magistrate, and while thus confined and prior to further action in the case before the justice of the peace, no judge of any court or other magistrate has authority to interpose by writ of *habeas corpus* for the purpose of determining the rightfulness of the accused's imprisonment; since the jurisdiction of the justice having attached for the preliminary trial of the accused, it could not be usurped or ousted by any other committing magistrate.

APPEAL from order of Judge of City Court of Montgomery.

Heard before the Hon. A. D. SAYRE.

The appeal in this case is prosecuted by the State of Alabama from an order of the judge of the city court of Montgomery discharging the appellee, Andrew Sistrunk from custody on *habeas corpus* proceedings.

MASSEY WILSON, Attorney-General, for the State.

OSCAR S. LEWIS and E. R. ALEXANDER, for petitioners.

McCLELLAN, C. J.—An affidavit having been made before a justice of the peace charging Andrew Sistrunk with the offense of robbery, the justice issued thereon a warrant for the arrest of said Sistrunk, and commanding that he be brought before said justice on said charge. Sistrunk was arrested on this warrant and lodged in the county jail until such time as the charge might be investigated by the magistrate. While thus

confined and prior to further action in the case before
the justice, the prisoner sued out a writ of *habeas cor-
pus* before the judge of Montgomery city court and upon
the return thereto and the hearing thereon the city judge
made an order for his discharge from custody, finding as
a fact in the case that the petitioner had, in legal contemplation, been tried and acquitted of the offense now
charged against him. This was error. The magistrate
issuing the warrant, and before whom it commanded
that the defendant should be brought had jurisdiction
of the case. When the accused is brought before him for
preliminary hearing the defense of former acquittal
may be set up and, if proved, it will be the duty of that
magistrate to discharge the prisoner; and meantime no
other magistrate has jurisdiction on *habeas corpus* to
inquire into the accusation and discharge him. So it
has been expressly ruled in a recent decision of this
court.—*State v. Humphrey*, 125 Ala. 110.

The order of the judge of the city court must be reversed, and a judgment will be here entered denying and
dismissing the petition for *habeas corpus*. The prisoner
will remain in custody until discharged in due course of
law.

Reversed and rendered.