# *Ex Parte* Western Union Telegraph Co.

### *Damages for Mistake in Message.*

(Decided June 30, 1913.    63 South. 88.)

*Appeal and Error; Review; Decisions of Intermediate Court; Facts.*—The decision of the Court of Appeals examined and held to amount to no more than the finding of the existence of certain facts or inferences to be drawn therefrom; which being true, this court will not review or revise the holding of said court, as it does not involve error as to question of law.

CERTIORARI to Court of Appeals.

The Jackson Lumber Company brought its action against the Western Union Telegraph Company, for damages for a mistake in the delivery of a message, and judgment having been rendered for defendant, plaintiff appealed to the Court of Appeals where the judg-

[Ex Parte Western Union Telegraph Co.]

ment of the trial court was reversed and remanded. The defendant seeks by certiorari to review the judgment of the Court of Appeals (7 Ala. App. 644; 62 South. 266). Writ denied.

RUSHTON, WILLIAMS & CRENSHAW, for appellant. The telegraph company was not the agent of the sender in such sort that the sender is bound by the terms of the telegram as delivered to the addressee, and hence, the sender was under no obligation to pay the sendee for the pulleys delivered.—*W. U. T. Co. v. Anniston C. Co.,* 59 South. 757; 10 Am. St. Rep. 699; 48 Am. St. Rep. 605; 6 Am. St. Rep. 557; 10 A. & E. Corp. Cases, 606. The sender could not by accepting the pulleys after knowledge of the mistake create a right of action on its part against the telegraph company.—*W. U. T. Co. v. Anniston C. Co., supra.* The telegraph company is not liable to the sender by reason of the assignment of the claim held by the sendee.—*Jones v. Watkins,* 1 Stew. 81; *Rutherford v. McIvor,* 21 Ala. 750; *Gwin v. Hamilton,* 29 Ala. 233; *Cahaba Co. v. Burnett,* 34 Ala. 400; *Merrill v. Brantley,* 123 Ala. 537. The assignee of a chose in action acquires no greater right than the assignor had at the time of the assignment. —*Gayle v. Penson,* 3 Ala. 234; *Harrison v. Marshall,* 6 Port. 65; *Citizens Bank v. Haas,* 157 Ala. 609; Page on Contracts, sec. 1269. The claim of the Fairbanks Company had been paid, and its debt extinguished prior to the assignment; hence, at the time of the assignment it had no claim to convey.—*Harrison v. Hix,* 1 Port. 423; *Webster v. Wyser,* 1 Stew. 184; *Tradesman Bank v. Sheffield Co.,* 137 Ala. 547; 23 L. R. A. 120.

W. O. MULKEY, contra. The matters sought to be reviewed amounted to no more than the finding of the existence of certain facts or inferences to be drawn

therefrom, and hence, this court will not review the judgment of the Court of Appeals, as the rule has been established otherwise.—*Ex parte L. & N. R. R. Co.*, 58 South. 315; *Livingston v. State*, 61 South. 54; *Ex parte Williams*, 62 South. 63.

ANDERSON, J.—It may be conceded, as contended by petitioner's counsel, that the assignee of a chose in action acquires no greater rights than the assignor had at the time of the assignment, and that the voluntary payment and discharge of a debt operates as its extinguishment; yet we do not construe the opinion of the Court of Appeals, in this case, as being in conflict with these well known principles. As we understand said holding, it was to the effect that, notwithstanding the date of the assignment by the Fairbanks Company to the Jackson Lumber Company was subsequent to the payment to the former for the pulley, there were facts and circumstances attending the negotiation affording an inference that the payment was not intended to operate as an absolute discharge of the demand, but that it was intended as a purchase or assignment of said demand. This holding amounted to no more than a finding by the Court of Appeals of the existence of certain facts or inferences to be drawn therefrom, and is not, therefore, a question for review by this court.

We have repeatedly held that this court will not review or revise the holding of the Court of Appeals, except for error as to a question of law, and not upon a finding or conclusion as to facts, or in the application of the facts to the law.—*Livingston v. State*, 181 Ala. 94, 61 South. 998; *Savannah Williams v. State*, 182 Ala. 34, 62 South. 63.

The application for the writ of certiorari is denied. All the Justices concur.