# Kirkwood v. The State.

## Murder.

(Decided December 18, 1913.   63 South. 990.)

1. *Courts; Review; Court of Appeals.*—On certiorari the Supreme Court will only review the rulings of the Court of Appeals as to questions of law, and hence, will not revise a holding that the record failed to disclose an exception to the ruling of the trial court in overruling objections to a part of the evidence of a certain witness.

2. *Same.*—The holding of the Court of Appeals that the refusal of a charge was proper because it was abstract so far as it hypothesized certain facts was a holding by the Court of Appeals of a fact which will not be reviewed on certiorari.

3. *Charge of Court; Abstract.*—An abstract instruction may be refused without error although stating a correct proposition.

4. *Same; Covered by Those Given.*—The court may properly refuse a charge which has been substantially covered by written instructions given.

(Mayfield and Sayre, JJ., dissent.   deGraffenried, J., dissents in part.)

CERTIORARI to Court of Appeals.

Will Kirkwood was convicted of manslaughter in the 1st degree and sentenced to imprisonment in the penitentiary for two years, and the judgment of the trial

court having been affirmed by the Court of Appeals in the case of *Kirkwood v. State,* 8 Ala. App. 108; 62 South. 1011, he brings certiorari to review such judgment. Writ denied.

JAMES J. RAY, for appellant.   Certiorari is the proper remedy, and defendant is entitled to have by certiorari a review of the findings of what is in the record, although he may not be entitled to a review of the finding of the facts.—Sec. 5955, Subd. 3, Code 1907; Acts 1911, p. 100; 5 Eng. Ruling Cases, 527, et seq; *Burton v. Taylor,* 46 Ala. 389; *Ex parte Buckley,* 53 Ala. 42; *Camden v. Bloch,* 65 Ala. 236; *McAlilly v. Horton,* 75 Ala. 491; *Miller v. Jones,* 80 Ala. 93; *Cushman v. Commissioners Court,* 160 Ala. 229; *Ex parte Dickens,* 162 Ala. 276; *Ex parte Livingston,* 61 South. 53.   Charge 15 was a correct charge and should have been given.—*Bluett v. State,* 151 Ala. 11; s. c. 161 Ala. 14.   Charge 17 should have been given.—*Kennedy v. State,* 140 Ala. 1.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.   This court will not review the decisions of the Court of Appeals, except as to questions of law, and will not review their findings upon the fact or in the application of the facts to the law—*Livingston v. State,* 61 South. 54; *Ex parte Williams,* 62 South. 63; *Ex parte W. U. T. Co.,* 63 South. 88.

ANDERSON, J.—This court has repeatedly laid down and followed the rule that it will revise the rulings of the Court of Appeals upon certiorari only as to questions of law, and not upon a finding of facts, or in the application of the facts to the law.—*Livingston v. State,* 181 Ala. 94, 61 South. 54; *Ex parte Savannah Williams,*

182 Ala. 34, 62 South. 63; *Ex parte Western Union Co.,* 183, Ala. 451, 63 South. 88.    Therefore, the holding of the Court of Appeals that the record failed to disclose an exception to the ruling of the trial court in overruling objections as to certain parts of the evidence of Tom Dye was a finding upon facts, and is a ruling which we will not revise.

It may be that charge 15, refused the defendant, was held to be good in *Bluett v. State,* 151 Ala. 41, 44 South. 84, and which fact was recognized in the opinion of the Court of Appeals, but the refusal of said charge was justified in the instant case for the reason it was abstract in so far as it hypothesized the previous making, by the deceased, of threats against the defendant.    This was a finding of the nonexistence of a fact upon which the charge was in part based, and which said finding we will not review; and, assuming, therefore, that it was true, the said charge was properly refused.    A charge held good in one case which hypothesizes certain facts need not necessarily be given in another case when facts hypothesized did not exist.    The report of the *Bluett Case* does not disclose any proof of threats by the deceased, but it is evident that there was proof of same, or the court would not have approved the charge; or the fact that it was abstract, if such was the case, was overlooked.

The Court of Appeals did not condemn the defendant's refused charge 17, but justified its refusal because covered by given charges.    This was a finding of the existence of a fact, but we may concede that this finding involved a mixed question of law and fact; still we agree with the Court of Appeals that the defendant got the full benefit of said refused charge 17 in some of the charges given.

The certiorari is denied.

DOWDELL, C. J., and MCCLELLAN and SOMERVILLE, JJ., concur. MAYFIELD and SAYRE, JJ., dissent.

DE GRAFFENRIED, J.—(concurring).—A common-law writ of certiorari is not a writ of right unless made so by statute. It does not appear that the Court of Appeals in the instant case has overruled or qualified any decision of this court, or that the petition presents such a case as demands, at the hands of this court, the granting of the writ of certiorari.

When an appellate court declares that a particular record does not present to it a certain question for review, that declaration of the appellate court is not, in my opinion, a finding of fact, but is a mere declaration of the *law* as applied to the particular record. The question as to whether a point has been properly raised for the consideration of an appellate court is a question of legal procedure merely, and the solution of that question depends upon the recitals of the record. The question as to whether a particular complaint or plea is or is not subject to certain grounds of demurrer is determined by the *recitals* of the complaint or plea, but the question so presented is a question of law. And so, the question as to whether a particular ruling of a trial court is properly presented to an appellate court for review is determined *by the recitals of the record*, but the question so presented is a question, not of fact, but of law.

I concur in the conclusion reached by the majority of this court in the above case, but do not concur in that part of the opinion which states that "the holding of the Court of Appeals that the record failed to disclose an exception to the ruling of the trial court in overruling objections as to certain parts of the evidence of Tom Dye was a finding upon facts."

MAYFIELD, J.—(dissenting).—I deem it proper to express the reasons for my dissent in this case.

I concur in that part of the opinion of Brother ANDERSON, in which he says that this court will not, on certiorari to the Court of Appeals, review "findings of facts" by that court, but I do not agree to that part of the opinion or decision, which holds that we will not, on such hearings, review the decision of the Court of Appeals on "the application of the facts to the law." Nor do I agree to that part of Brother ANDERSON'S opinion in which he says: "The holding of the Court of Appeals that the record failed to disclose an exception to the ruling of the trial court in overruling objections as to certain parts of the evidence of Tom Dye was a finding upon the facts, and is a ruling which we will not revise." In the first place, what is above called a "holding" of the Court of Appeals is not a holding of that court; it is nothing more than a recital, in the opinion, of the reason assigned to justify the decision and judgment of affirmance rendered by the court. In the next place, if it could be said to be a "holding" of the Court of Appeals, it could not, in any sense, be a "finding of facts" by that court. A "finding of facts" which appellate courts will not review has almost as well-known and exact a meaning as a "special verdict," or a "special finding as to facts." In fact the three terms or phrases are often confused because of their striking similarity in meaning, though there is, of course, a material and substantial difference, which has been often pointed out by this and other courts.

But I do not think that it was ever before declared that a recital, in the opinion of a court, that a record failed to disclose an exception to the ruling of the trial court was a "finding of facts," within the meaning of that phrase as used in appellate procedure. The only

[Kirkwood v. The State.]

purpose of, or excuse for, a certiorari from a superior to an inferior court is that the latter may send up the record and proceedings in a given case for the inspection of the former, that it may be seen if there be any error in the decision, judgment, or decree rendered which will warrant the superior court in revising. How the superior court can intelligently determine this matter, without examining the record or a transcript thereof I am unable to understand. The opinion of the Court of Appeals, of which Justice ANDERSON speaks, is no part of the record which is to be sent up to the superior court, though it might be required, or, if sent up, might be looked to, in aid of a proper and thorough examination of the record. The opinion is very proper, but not at all necessary, and not at all binding on the revising or reviewing court. The opinion of the Court of Appeals, in a case reviewed by us, is exactly like the opinion of the chancellor, where we review a case from the chancery court, or like the opinion of this court in a case which is reviewed by the Supreme Court of the United States. It is the decision, the judgment, the decree, of the inferior court which is reviewed and not the opinion. The opinion may be all right, and the decision, judgment, or decree all wrong, or vice versa. The opinion may aid the review; but it is not the thing reviewed or revised.

In this particular case, as appears from Justice ANDERSON'S opinion the record sent up has not been reviewed—nothing but the opinion of the Court of Appeals has been looked to or reviewed. The petitioner for the certiorari, in his application, says that the decision and judgment is wrong, and asks us to review and revise it. We are not asked, nor have we any right, to revise the opinions of the Court of Appeals; but we have

the right and the power to revise the judgments, decrees, and decisions of that court.

This court declines to inspect the record, to see if the recitals in the opinion are borne out and justified by the record sent up, and justifies its declination upon the ground that the recital in the opinion is a finding of facts not reviewable on certiorari. Such a practice I conceive to be erroneous, and to practically deny a revision, by this court, of proceedings in the appellate court, whenever it is said in the opinion of that court that the record does not contain matter to support any other judgment than the one rendered.

To say that a court of last resort, on certiorari, will not review the application of the facts to the law by an inferior court, nor revise a misapplication of the facts to the law, or of the law to the facts, by such court, is to my mind the most novel doctrine lately announced by a court of last resort. The gravest, the most serious, error ever committed by courts (illustrated by the decision of this court in this particular case), resulted from a misapplication of the facts to the law. This court in this case decides that on certiorari it will not review a *"finding of facts"* by the Court of Appeals. This is correct and undoubted law; but the court misapplies this very principle of law which it announces. There was "no finding of facts" by the Court of Appeals. That court did not make, and could not make, a finding of facts in the case sought to be reviewed. I submit without doubt, or fear of contradiction, that the entire record sought to be reviewed in this proceeding does not show a solitary "finding of facts" by either the trial court or the Court of Appeals. More than this, the record sought to be reviewed in this case shows, further, that neither the trial court nor the Court of Appeals was authorized to make any "finding of facts" as to any matter. The

record, therefore, not only shows that there was no "finding of facts" by any court, but that there could not possibly be any authorized finding of facts by the Court of Appeals.

The matter which this court now decides was a "finding of facts" by the Court of Appeals is a matter de hors the record sought to be reviewed. The opinion of the Court of Appeals is no part of the record sought to be reviewed. While it may be sent up with the record to aid this court to better understand the judgment or decision sought to be reviewed, it is not the thing to be reviewed, nor even a part of it.

SAYRE, J.— (dissenting).—I concur in Judge MAY-FIELD'S observations on the question as to what constitutes "a finding of facts." I say this though adhering to the view of the relation between this court and the Court of Appeals which I expressed in *Williams v. L. & N. R. R. Co.*, 176 Ala. 631, 58 South. 319.