(82 South. 166)

HERRING v. LOUISVILLE & N. R. CO.
(8 Div. 25.)

(Supreme Court of Alabama.   May 15, 1919.)

1. RAILROADS ⬤⇒391(4)—PERSONAL INJURIES
—WANTON INJURY.

If trainmen aware of the danger of a person on the track consciously fail to do all in their power with the means in hand to avoid injuring him, and his injury is proximately caused by such failure, they are guilty of wantonness notwithstanding his contributory negligence.

2. TRIAL ⬤⇒242—INSTRUCTIONS—REFUSAL OF
MISLEADING INSTRUCTIONS.

Instructions calculated to mislead the jury under the issues and evidence are properly refused.

3. NEGLIGENCE ⬤⇒82—CONTRIBUTORY NEGLI-
GENCE—PROXIMATE CAUSE.

Contributory negligence, in order to avail defendant, must not only be a want of ordinary care, but there must further be a connection between such want of care and the injury.

4. RAILROADS ⬤⇒401(9) — PERSONAL INJURY
ACTION—INSTRUCTIONS.

In an action for injuries to one struck by a train, held error to refuse an instruction to find for plaintiff if the jury found that defendant's servants were wantonly negligent.

5. TRIAL ⬤⇒253(1)—INSTRUCTION — INSTRUC-
TIONS IGNORING ISSUES.

An instruction ignoring the issues under some of the counts of the complaint is properly refused.

6. TRIAL ⬤⇒240—INSTRUCTIONS—ARGUMEN-
TATIVE AND MISLEADING INSTRUCTIONS.

Argumentative instructions are properly refused.

Appeal from Circuit Court, Morgan County; Robert Brickell, Judge.

Action by Bennie Herring, by his next friend, against the Louisville & Nashville Railroad Company for damages for injuries in a crossing accident. Judgment for defendant, and plaintiff appeals. Reversed and remanded.

The cause went to the jury on two counts, the first being for subsequent negligence, and the second for wanton negligence. The pleas were contributory negligence in that the plaintiff went upon the track in full view and near an approaching train and in close and dangerous proximity to him, and that he did this voluntarily, and carelessly remained on the track until struck by the train when he had time to remove himself from the on-coming train; also that he failed to stop, look, and listen. The other facts sufficiently appear on the former appeal. 195 Ala. 422, 70 South. 749. The following charges were refused to the plaintiff:

(3) In order for the jury to return their verdict in favor of the plaintiff, it is not necessary that the jury should be reasonably satisfied by a preponderance of the evidence that the enginemen of the defendant discovered plaintiff in a position of peril in front of their train in time to have avoided injuring him by the use of all the means at their command.

(4) In order for the jury to return their verdict for the plaintiff, it is not necessary that the jury should be satisfied that the enginemen saw the plaintiff on the ties in front of the engine.

(5) Contributory negligence, in order to avail the defendant, must not only be a want of ordinary care, but there must further be a proximate connection between this want of ordinary care and the injuries.

(6) Although the jury may find from the evidence that plaintiff was guilty of contributory negligence as alleged in defendant's pleas, and further find that plaintiff has established the allegation of count 2 of the complaint, your verdict must be for plaintiff.

(7) No contributory negligence of the plaintiff can afford the defendant any defense to the action.

(8) If the jury are reasonably satisfied from the evidence in this case that defendant's servant or agent, while acting within the line and scope of their employment, wantonly, willfully, or intentionally refrained from using some of the means at their command to avoid injuring plaintiff, with the knowledge that such failure on their part would probably result in injury to the plaintiff and with reckless disregard of the consequence, and said injury was proximately caused by said failure, then the jury may have, in addition to such damages as will compensate the plaintiff for the loss of his leg, such other and further damages as will punish the defendant for such conduct on the part of its servant and act as a deterrence to others from being guilty of such conduct in the future.

(9) If the jury are reasonably satisfied from the evidence that the defendant's servant or agent consciously failed, after becoming aware of the peril of the plaintiff, to do all in their power with the means at hand to avoid injuring the plaintiff, and the plaintiff's injury was the proximate cause of such failure, then the servants or agents of the defendant would be guilty of wantonness, and the jury will find for the plaintiff, even though the jury should believe that the plaintiff was himself guilty of contributory negligence which helped to bring about his injuries.

W. A. Denson, of Birmingham, for appellant.

Eyster & Eyster, of Albany, for appellee.

MAYFIELD, J. This is the second appeal in this case. See report of former appeal, 195 Ala. 422, 70 South. 749.

The second trial was had on practically the same issues and evidence as the first, and resulted in a verdict and judgment for the defendant.

The writer of this opinion was the writer of the opinion on the former appeal, but the

majority of the court did not agree with the writer as to his conclusions on the former decision. The majority held that the liability of the defendant was a question for the jury, and not for the court, both as to wantonness and subsequent negligence. The writer and Justice Sayre held that no liability of the defendant was shown, either for wantonness or subsequent negligence; that is, that there was no evidence to show wantonness, and that the undisputed evidence showed that plaintiff was guilty of contributory negligence which was necessarily subsequent to any negligence on the part of defendant's agents or trainmen. The majority did not agree to either of these propositions, but held that the case should have been submitted to the jury on both issues. It could serve no good purpose for the writer to again urge his views of the law or evidence in this case, and therefore yields to the views of the majority.

It therefore results that the trial court erred in giving the affirmative charge requested by the defendant as to the wanton count. It should be said, however, in justification of this action of the trial court, that the opinion is not clear on the question as to whether or not there was error in giving a similar charge on the former trial.

If it was error to give the affirmative charge for defendant as to wantonness, then it was error to refuse plaintiff's written charge numbered 9. This charge was as follows:

"If the jury are reasonably satisfied from the evidence that the defendant's servants or agents consciously failed, after becoming aware of the peril of the plaintiff, to do all in their power with the means at hand to avoid injuring the plaintiff, and the plaintiff's injury was the proximate cause of such failure, then the servants or agents of the defendant would be guilty of wantonness, and the jury will find for the plaintiff, even though the jury should believe that plaintiff was himself guilty of contributory negligence which proximately helped to bring about his injury."

[1] If the facts hypothesized in the charge were found to be true, this constituted wantonness under a long line of decisions. Jones' Case, 146 Ala. 284, 41 South. 129; Williams' Case, 140 Ala. 230, 37 South. 255.

[2] Charges 3 and 4 were properly refused. If not positively erroneous, they were calculated to mislead the jury as applied to the issues and evidence in this case.

[3] Charge 5 stated a correct proposition of law, and, the question of plaintiff's contributory negligence being one for the jury, its refusal was error. Hubbard's Case, 85 Ala. 179, 4 South. 607, 7 Am. St. Rep. 35.

[4] Charge 6 was improperly refused on the ground that the court had given the affirmative charge for defendant as to the second count. If that charge had been properly refused, then charge 6 should also have been refused. Wantonness, however, being held question for the jury, charge 6 was correct, and should have been given.

[5, 6] Charge 7 was properly refused, as it ignored the issues under some of the counts. Charges 8 and 9 were also properly refused as argumentative and misleading.

It results that the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.