(89 South. 432)

### Ex parte PATT.

### PATT v. WELSCH.

### (I Div. 200.)

(Supreme Court of Alabama. June 16, 1921. Rehearing Denied June 23, 1921.)

Certiorari ⊜68—Adjudication of Court of Appeals as to state of record held not reviewable.

Whether the ascertainment of a status founding a doctrine that a successful plaintiff is confined on a review of his appeal to matters referable alone to the measure of his recovery by the Court of Appeals was well founded on the record before the court cannot be reviewed in this court on certiorari.

Certiorari to Court of Appeals.

Petition of Joseph Patt for certiorari to Court of Appeals to review and revise a judgment of that court rendered on the appeal of said Joseph Patt in an action against R. G. Welsch, 89 South. 94. Writ denied.

G. C. Outlaw and Brown & Kohn, both of Mobile, for appellant.

The opinions of the Court of Appeals have been reviewed in the following cases: 201 Ala. 55, 77 South. 349; 201 Ala. 59, 77 South. 353; 201 Ala. 525, 78 South. 879; 200 Ala. 378, 76 South. 294; 188 Ala. 1, 66 South. 148; 200 Ala. 496, 76 South. 438; 203 Ala. 585, 84 South. 725. Counsel discuss the matters sought to be reviewed, but in virtue of the opinion it is not deemed necessary to here set them out.

Inge & Kilborn, of Mobile, for appellee.

Counsel insist that the Court of Appeals properly interpreted the record, and correctly stated the rules applicable thereto, and that therefore the decision ought to be affirmed.

McCLELLAN, J. In Kirkwood's Case, 184 Ala. 9, 63 South. 990 (petition for certiorari to the Court of Appeals), it was decided that the ascertainment and adjudication by the Court of Appeals of the state of the record before it was not reviewable on certiorari; the ruling being referred to the principle of previous decision here. Subsequent frequent illustrations of the principle are noted in the Minderhout Case, 195 Ala. 420, 71 South. 91, among others.

In the present instance the Court of Appeals has ascertained a state of fact and record that, according to that court's statement, made proper the application of the doctrine, there repeated, that a successful plaintiff is confined on review of his appeal to matters referable alone to the measure of his recovery. Given the thus ascertained basis for the application of the stated doctrine, there is no error in the judgment of that court. Whether the ascertainment of the status indicated was well founded on the record before the Court of Appeals is not, under the principle of the Kirkwood Case, reviewable here. This court leaves the responsibility for the decision of such questions with the Court of Appeals.

For the sole reason stated, the writ must be denied.

Writ denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.