(91 South. 915)

Ex parte STATE ex rel. DAVIS, Atty. Gen.

Ex parte WILLIAMS.

(3 Div. 547.)

(Supreme Court of Alabama. Dec. 22, 1921.)

Habeas corpus ⟨key⟩114—Adjudication of Court of Appeals as to state of record conclusive on appeal.

Where the Court of Appeals, in reversing a judgment refusing a writ of habeas corpus, construed a concession by the state that, if petitioner had been twice tried for the same offense, he was entitled to a discharge, as a consent that an order of discharge should be entered in the event of a decision to that effect, contentions by the state that there was no trial of the writ, and therefore no appeal could lie, and that petitioner was not entitled to discharge under habeas corpus, but that his remedy was by appeal, could not be considered on certiorari to review such reversal; the adjudication of the Court of Appeals as to the state of the record being conclusive.

Certiorari to Court of Appeals.

Application of the State of Alabama, on the relation of its Attorney General, to review and revise the judgment of the said court rendered on the appeal of Ex parte Grady Williams, 18 Ala. App. 297, 91 South. 914. Writ denied.

Harwell G. Davis, Atty. Gen., and W. T. Seibels, Sol., and Robert G. Arrington, Asst. Sol., both of Montgomery, for appellant.

The plea of former jeopardy cannot be raised by writ of habeas corpus. 138 Ala. 68, 35 South. 39; 21 Cyc. 305. Petitioner's remedy was by appeal. 157 Ala. 1, 47 South. 1025; 140 Ala. 172, 37 South. 250; 112 Ala. 210, 21 South. 371.

Brassell, Brassell & Brassell, of Montgomery, for appellee.

Counsel insists that the Supreme Court will not review the decision of the Court of Appeals in finding that petitioner had been tried on a state warrant, and hence there is nothing to review.

GARDNER, J. Petition for certiorari to review the ruling of the Court of Appeals in the case of Ex parte Grady Williams, 91 South. 914.[1] In the opening paragraph of the opinion of the Court of Appeals is the following:

"The petitioner, Grady Williams, appeals from the judgment of Hon. Walter B. Jones, judge of the circuit court of Montgomery county, refusing to grant his discharge, on his petition for habeas corpus heard by said judge. Counsel for the state and appellant present only one question for the consideration of this court, and that is whether the recorder of the city of Montgomery tried and convicted the ap-

pellant for a violation of the state law, or a violation of a city ordinance. Counsel for the state concede that, if appellant was tried and convicted of a violation of the state law, his plea of autrefois convict in the court of common pleas, which the record discloses was in proper form, should have prevailed, and his discharge from custody ordered by the judge hearing his petition."

The Court of Appeals then proceeds to hold that petitioner had been tried twice by officers of the state acting within their jurisdiction for the same offense against the state, and was entitled to a discharge—having paid the fine imposed upon the first conviction.

Counsel for the state on this application state they find no complaint with the decision of the Court of Appeals, holding that defendant cannot be convicted twice by the state courts for the same act, and further state that the court's discussion of that point is fundamentally correct. It is insisted, however, by the state upon this submission, that there was no trial of the writ of habeas corpus, and therefore no appeal could lie (citing Ex parte Jones, 94 Ala. 33, 10 South. 429); and, further, that even in the event the hearing was had upon the habeas corpus petition, the writ should have been denied, as the question of former jeopardy did not entitle the prisoner to be discharged on habeas corpus, but his remedy was by appeal from the judgment of the court of common pleas, citing State v. Sistrunk, 138 Ala. 68, 35 South. 39; Cox v. State, 157 Ala. 1, 47 South. 1025; Bray v. State, 140 Ala. 172, 37 South. 250; 21 Cyc. 305.

We are of the opinion that the argument of the state proceeds upon a misconception of the scope of review by this court of the ruling of the Court of Appeals. The foregoing excerpt from the opinion of the Court of Appeals would clearly indicate the hearing of the petition for writ of habeas corpus by the trial court and regular appeal therefrom. In the recent case of Ex parte Patt, 89 South. 432,[2] this court announced the rule stated in previous cases that the ascertainment and adjudication by the Court of Appeals of the state of the record before it was not reviewable on certiorari. See, also, Kirkwood's Case, 184 Ala. 9, 63 South. 990, and Minderhout's Case, 195 Ala. 420, 71 South. 91.

The quotation from the opinion of the Court of Appeals, above set out, states that counsel for the state and appellant present only one question for consideration, and that is whether the recorder of the city of Montgomery tried and convicted appellant for a violation of the state law or a violation of the city ordinance; and the court proceeds to a determination of the question as thus presented. The opinion then proceeds:

"Counsel for the state concede that, if appellant was tried and convicted of a violation of the state law, his plea of autrefois convict in the court of common pleas, which the record discloses was in proper form, should have prevailed, and his discharge from custody ordered by the judge hearing his petition."

It would appear therefore from the foregoing opinion that the Court of Appeals considered the action of the state as conceding that but one question was involved, and construed the concession of the state, above noted, in the nature of a consent that, if the one question to be determined was decided adversely to the state, an order of discharge should be entered. If it be conceded, therefore, for the purpose of the present case, that the contention of the state is correct upon the questions of law, to which the above authorities are cited, yet, in view of the foregoing holding of the Court of Appeals as to the concession of the state upon the submission of the cause in that court, the state is not now in position to present those questions for review upon this petition.

In the light of this conclusion, therefore, there is no occasion for a consideration of the questions argued by counsel for the state, and the petition will therefore be denied.

Writ denied.

ANDERSON, C. J.; and SAYRE and MILLER, JJ., concur.