182 So. 90

## REEVES v. STATE.

### 4 Div. 404.

Court of Appeals of Alabama.

May 10, 1938.

Rehearing Denied May 24, 1938.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

A. A. Carmichael, Atty. Gen., and Chas. L. Rowe, Asst. Atty. Gen., for the State.

**SAMFORD, Judge.**

The indictment was in two counts. The first count charged grand larceny, and the second count charged that the defendant did buy, receive, conceal, or aid in concealing personal property, knowing the same to have been stolen. The defendant was convicted under the first count of the indictment, which eliminates a consideration of rulings relating only to the second count.

The evidence was in conflict. That is, the evidence for the State tended to prove that the defendant was guilty as charged, in that he feloniously took and carried away, some time during the month of December, a belt of the value of $75 the property of C. F. Wilkerson. The evidence being in conflict, the question of guilt was properly submitted to the jury.

It is insisted by the defendant's counsel that the court committed reversible error in refusing to permit the defendant to ask Robert Espy, a witness for the defendant, that: "Sometime just before peanut picking and just after cotton picking, in the fall of 1936, if you didn't go down to a place above Headland towards Newville, to some creek there, and if riding along with Mr. Wilkerson if Mr. Wilkerson didn't tell you some of his crowd had lost one of his belts."

It is, of course, permissible to attack the credibility of a witness by showing that at other times and places he has made statements which are inconsistent with, or contrary to, the testimony then being given in court. In order to make such testimony admissible, it is the well-established rule that the same questions as to time, place and person, and statements alleged to have been made, must be put to the impeaching witness so as to identify the statement with those included in the predicate. A strict adherence to this rule is required in order to prevent the witness' testimony from appearing to be mere hearsay. McDaniel v. State, 166 Ala. 7, 52 So. 400; Terry v. State, 16 Ala.App. 430, 78 So. 460.

In the instant case, both the answer of the witness Wilkerson, whose testimony is sought to be impeached, and the question propounded to Espy, the impeaching witness, are too vague and indefinite to meet the rule.

Moreover, there is no testimony tending to prove that the belt inquired about of Espy is the belt included in the indictment and the subject of this prosecution.

Regarding refused charge 1, this court in Barnes v. State, 22 Ala.App. 581, 118 So. 239, 241, said: "Where the jury had been charged that, before the defendant could be convicted, the jury must be convinced of his guilt beyond a reasonable doubt— 'a requirement far more rigorous against the state and far more favorable to the defendant'— "there could be no injury to the defendant in refusing the charge." Edwards v. State, 205 Ala. 160, 87 So. 179.

The charge in this case and that in the Barnes Case, supra, are so similar as to make the above quotation entirely applicable, in view of the fact that the court in its oral charge and in several written given charges had covered this exact point.

The evidence being in conflict, refused charge 2 was properly refused.

Refused charge 3 was amply covered by the court in its oral charge. Where this is the case, charges requested by the defendant to the same effect are refused without injury.

It is insisted that the trial court committed error in refusing to permit the defendant to prove, by several witnesses, his general good character for veracity. The defendant had testified as a witness, and the court allowed him to prove his general good character, but refused to permit him to go further and bolster his testimony by proving his general good character for veracity, and that he was worthy of belief in a court of justice. He had not been impeached as a witness and: "It should ever be borne in mind in dealing with character and veracity that the character evidence of a party to the litigation or prosecution and character evidence of such party for truth and veracity are separate and distinct; and the rules applicable are not the same in each of the dual testimonial capacities that results, when an accused offers himself as a witness: (1) In 'his capacity as an accused'; and (2) 'his

capacity as a witness.'" Stone v. State, 208 Ala. 50, 93 So. 706, 707. When testifying as a witness his credibility may be impeached like that of any other witness, and when this is undertaken he may prove his general good character for truth and veracity, but, unless his character as a witness is attacked, such evidence is not admissible.

Other exceptions are without merit.

We find no error in the record, and the judgment is affirmed.

Affirmed.