199 So. 726

### Ex parte PESNELL.

### 6 Div. 771.

Supreme Court of Alabama.

Nov. 28, 1940.

Rehearing Denied Jan. 23, 1941.

Hugh A. Locke, Yelverton Cowherd, and Andrew W. Griffin, all of Birmingham, for petitioner.

Lange, Simpson, Brantley & Robinson and Jas. A. Simpson, all of Birmingham, and Frank R. Broadway and J. Eugene Foster, both of Montgomery, opposed.

GARDNER, Chief Justice.

The finding of fact by the Court of Appeals that petitioner's unemployment was the result of a "labor dispute" in which he participated through his duly accredited agents is, as well understood and not here controverted, not subject to review by this Court.

The conclusion of the Court of Appeals on the facts sufficiently appears in the opinion and need not be here repeated. Suffice it to say we think it clear enough these findings disclose a labor dispute unless, as seems to be argued by counsel for petitioner, there must also be made to appear a "strike or lockout" resulted or some show of force or intensity of feeling to bring the case within the meaning of our statute. Gen. Acts 1939, p. 232.

Our statute merely uses the words "labor dispute" without further definition and with no indication whatever a strike or lockout must result. A "dispute" is a ver-

458

bal controversy. "To contend in argument; discuss; debate; often, to argue irritably; wrangle". Webster's New International Dictionary, Second Edition. There appears, therefore, no foundation for the argument that the words "labor dispute" as used in the statute are to be interpreted as meaning a verbal controversy resulting in "a strike or lockout", to use the language of petitioner's brief.

Authorities elsewhere are of little value as much, of course, depends upon the wording of the statutes of the various states. In some of them, notably Colorado and Ohio, a strike or lockout must result, for such are the express terms of the statute. But no such language is found in our statute and nothing therein appears which would justify such an interpretation.

Further criticism of the opinion of the Court of Appeals relates to the matter of reference to definitions of a labor dispute as found in the Anti-Injunction and Labor Relations acts of Congress. Title 29 U.S.C. A. § 113 and Title 29 U.S.C.A. § 152. But we do not construe the opinion as indicating any binding force or effect of these definitions so far as our own statute is concerned, but the citations are only by way of illustration, and so to be considered.

Accepting the finding of facts set forth in the opinion of the Court of Appeals, we find ourselves in accord with the conclusion of law therein stated, and doubtless these further comments may not be deemed necessary. But out of deference to the earnest and forceful argument of counsel for petitioner we have considered it not inappropriate to add these few observations upon the opinion of the Court of Appeals.

It results that the writ is due to be denied and the judgment affirmed.

Writ denied. Affirmed.

All the Justices concur.