13 So.2d 695

## DUNCAN v. STATE.

4 Div. 765.

Court of Appeals of Alabama.

May 25, 1943.

W. R. Belcher, of Phenix City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of ten years.

This is the second appeal in the case. A full understanding of the circumstances involved may be had from a reading of the opinion of this court on the former appeal, reported in 30 Ala.App. 356, 6 So.2d. 450.

Upon the trial leading to the judgment from which this appeal comes, the error pointed out on the first appeal was eliminated.

And the case was tried, so far as we can see, or so far as has been shown us in the brief filed here by able counsel representing appellant, without error.

The only matter even worthy of mention is the refusal of the trial court to give to the jury at appellant's due request written charge No. 6, in the following language, to-wit: "The court charges the jury that if there is a probability that accused is innocent, arising from the evidence, there is a 'reasonable doubt' as to his guilt."

■ The charge states, we believe, a correct principle of the law. See Smith v. State, 92 Ala. 30, 9 So. 408, and Croft v. State, 95 Ala. 3, 10 So. 517, and Wilson v. State, 243 Ala. 1, 8 So.2d 422, 441.

But the judgment will not be reversed on account of its refusal.

The learned trial court charged the jury, orally, as follows, to-wit: "The State carries the burden as a whole to convince the jury beyond a reasonable doubt that guilt exists on the part of the defendant, or that a crime has been committed, before the jury would be authorized to return a verdict of guilty."

Now the jury could not, possibly, find that there was a "probability that accused is (was) innocent," if, as a matter of fact, they found that there was no "reasonable doubt of his guilt." Smith v. State, supra.

■ And since they were instructed orally that, in order to find him guilty, they must be convinced by the evidence "beyond a reasonable doubt," of his guilt the request for the instruction in question was simply a request for an abstract instruction. Or, we might say, the substance of the requested charge was covered by and in-

cluded in the oral charge of the court. So, in no event was the appellant harmed by the refusal of said charge. Edwards v. State, 205 Ala. 160, 87 So. 179; Code 1940, Tit. 7, Sec. 273; Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

As stated, nothing else apparent deserves mention.

The judgment is affirmed.

Affirmed.