178 So.2d 190

**STATE DEPARTMENT OF INDUSTRIAL RELATIONS et al.**

v.

**A. H. FORD.**

**7 Div. 686.**

Supreme Court of Alabama.

Sept. 2, 1965.

Hawkins & Rhea, Gadsden, for petitioner.

J. Eugene Foster and Chas. P. Miller, Montgomery, opposed.

Inzer, Martin; Suttle & Inzer, Gadsden, for Republic Steel Corp.

HARWOOD, Justice.

This is a petition for a writ of certiorari to review the judgment of the Court of Appeals rendered in State Department of Industrial Relations and Republic Steel Corporation v. A. H. Ford, Ala.App., 178 So.2d 185 (7 Div. 762).

Petitioner has assigned two grounds as constituting errors in the judgment of the Court of Appeals. First, that the Court of Appeals erred in interpreting evidence as established in the trial below, in that (the petitioner here sets out certain findings by the Court of Appeals with which he disagrees).

It is well settled under our decisions that on certiorari this court will not enter into a redetermination of facts as found by the Court of Appeals, and such findings are not subject to review by this court. Ex parte Pesnell, 240 Ala. 457, 199 So. 726; Broadway v. Alabama Dry Dock & Shipbuilding Co., 246 Ala. 201, 20 So.2d 41.

The second ground of error asserted by the petitioner is that the Court of Appeals erred in disqualifying the petitioner from unemployment benefits under Sec. 214 (A), Tit. 26, Code of Alabama 1940, and in concluding that the petitioner's partial unemployment was directly due to a labor dispute still in active progress in the establishment in which he was employed.

A reading of the Court of Appeals opinion convinces us that that court was correct in its application of the law as applied to the facts determined by the Court of Appeals.

While we think that the opinion and judgment of the Court of Appeals is fully supported by the Alabama authorities cited in its opinion, we would also like to cite the case of In re Persons Employed at St. Paul & Tacoma Lumber Co., 7 Wash.2d 580, 110 P.2d 877, because of its analogy to the present case. In the Washington case, supra, certain maintenance workers continued their work for some time after the institution of a strike and were allowed to go through the picket lines by virtue of permits from the

**354**

striking union of which these maintenance men were members. After a short while the employing mill found it did not have enough wood-fuel on hand to keep up steam and was compelled to resort to the use of oil for such purpose. The use of oil required a small work force and some of the maintenance men were told not to return to work.

The Commissioner decided that those men who were thus deprived of work were not entitled to unemployment compensation for the reason that they were directly engaged in the strike activity. This decision by the Commissioner was appealed to the County Superior Court, and that court reversed the finding of the Commissioner. This judgment by the County Superior Court was reversed by the Supreme Court of Washington.

In the course of its opinion, the Supreme Court of Washington wrote:

"In passing, it might be noted that the mere fact that these individuals saw fit to get permits from the union during the strike period showed that they recognized the existence of the strike. There was no reason for distinguishing them from the other members of the striking union, and they should have been disqualified. Even though the management was compelled to discharge these men, still that act on the part of the employer was due to the fact that the strike reduced the work which could have been given to them, and their unemployment was due to the labor dispute which they, as members of the union, supported."

We are in accord with the views above expressed by the Supreme Court of Washington.

Writ denied.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.