266 So.2d 632

In re John WILBANKS

v.

STATE of Alabama.

Ex parte STATE of Alabama, ex rel. ATTORNEY GENERAL.

5 Div. 915.

Supreme Court of Alabama.

June 29, 1972.

172

Howard & Dunn, Wetumpka, O. J. Good-wyn, Montgomery, and Beddow, Embry & Beddow, and J. Scott Vowell, Birmingham, for respondent.

William J. Baxley, Atty. Gen., and Herbert H. Henry, Asst. Atty. Gen., for the State.

BLOODWORTH, Justice.

This case, originally assigned to another justice on this court, has been reassigned to the writer.

The State petitioned for, and has been granted, a writ of certiorari to the Court of Criminal Appeals. The petition prays that we reverse the decision of that court. We grant that prayer and reverse and remand this cause.

The Court of Criminal Appeals' decision reversing the trial court is based on three propositions:

VI. "* * * that error is made to appear in overruling objection to asking Mrs. Wilbanks as to whether or not she and her husband had stayed away from Barbara King's funeral";

IX. that it was error to refuse the following charge requested by defendant, viz:

"Defendant's Charge No. 17

"The Court charges the Jury that if a conviction in this case depends on the testimony of a single witness; and if the Jury have a reasonable doubt as to the correctness of the testimony of such witness, they cannot convict the Defendant."

X. That it was error to refuse the following charge requested by defendant, viz:

"Defendant's Charge No. 20

"The Court charges the Jury that if, from the testimony, there is a probability of Defendant's innocence, that is a just ground for a reasonable doubt; and, if such probability exists in this case, you cannot convict the Defendant."

Upon a consideration of these three propositions, it is our conclusion that none of them constitutes reversible error.

For convenience sake, we discuss our reasons for reversal of the Court of Criminal Appeals under the same headings as used by that court in its opinion.

## VI.

The record shows this question was asked of Mrs. Wilbanks, viz:

"Q. All right now, I will ask you this, did you go to the funeral of this child?"

This question was never answered by the witness. We have held:

"* * * Where there is no answer to a question, any error in asking the question is harmless. * * *" State v. Hodge, 280 Ala. 422, 425, 194 So.2d 827, 829 (1967); 2A Ala.Dig., Appeal & Error, ⊕1048(5); 7 Ala.Dig., Criminal Law, ⊕1170½(3).

■ Moreover, the court never ruled on the objection. An extensive colloquy ensued, after the objection was made, between the court and both counsel, and undoubtedly all parties lost sight of the court's never having ruled. Since no ruling was made by the trial court, there is, of course, an absence of reversible error.

Perhaps, the Court of Criminal Appeals was led to believe that the objection to the question was overruled because appellant's brief so states. As we have already indicated, upon an inspection of the full record ourselves, we have found this to be an erroneous assumption.

■ In a very recent decision, this court reaffirmed a long established principle (which the court has followed for at least forty years) to the effect that, "There being no dispute about the facts, we may go to the [full] record for a more complete understanding of those features treated in the opinion of the Court of Criminal Appeals." Johnson v. State, 287 Ala. 576, 253 So.2d 344, 345 (1971). Both the justices, who joined in the majority opinion, and those who concurred specially, fully concurred in this principle.

Clearly, the full record speaks for itself in this instance, and what it reveals with

respect to the point in issue cannot be made the subject of dispute.

Mr. Justice Lawson's most scholarly special concurrence in Johnson v. State, supra, points out other instances in which this court has approved going to the record: to examine pleadings, the oral charge, written requested charges, and contracts, which the Courts of Appeals have interpreted in their opinions. See Johnson v. State, supra, 253 So.2d at pages 348–349.

It seems to us it would create an absurdity, as well as perpetuate a grave miscarriage of justice, were we to affirm the Court of Criminal Appeals' decision, as the dissent suggests we do, when we know, as a matter of fact, that court's opinion is based upon a misconception as to what actually transpired in the trial court with respect to the error charged.

### IX.

Defendant's charge No. 17 is misleading, if not positively erroneous, in using the word "correctness" in alluding to the single witness' testimony, of which, when the jury have a reasonable doubt, they cannot convict the defendant.

None of the cases cited by the Court of Criminal Appeals to reverse supports that conclusion. Each of the charges in those cases uses the word "truth" or "truthfulness."

We have been unable to find any case in Alabama holding that refusal to give such a charge constitutes reversible error. We are unwilling to hold such to be error here, in view of our conclusion, already stated, that we think the charge is misleading, if not positively erroneous. It is not error to refuse a misleading charge. Herring v. Louisville & N. R. Co., 203 Ala. 136, 82 So. 166 (1919); Louisville & N. R. Co. v. State, 276 Ala. 99, 159 So.2d 458 (1963); see also Jones v. Berney, 288 Ala. 423, 261 So.2d 745 (1972).

Moreover, we have read the court's oral charge, as well as the other charges given for the defendant, and we are convinced that the charge in question was amply "covered." It would serve no useful purpose, and would unduly prolong this opinion, to repeat the court's oral charge, or to set out the given charge to which we refer. Suffice it to say, the court has examined and thoroughly considered each in consultation.

### X.

There was no error to reverse in refusing defendant's charge No. 20.

In one of our more recent decisions, Stokley v. State, 254 Ala. 534, 545, 49 So. 2d 284, 294 (1950), this court expressed itself thusly with respect to an almost identical charge:

"The trial court also refused to give defendant's written requested Charge No. 3, which is as follows: 'I charge you, Gentlemen of the Jury, that if the evidence in this case convinces you that there is a probability of the Defendant's innocence, then your verdict should be not guilty.'

"This charge has had a rather checkered career in our cases. In the early cases it was held that the refusal of such a charge constituted reversible error. Croft v. State, 95 Ala. 3, 10 So. 517; Whitaker v. State, 106 Ala. 30, 17 So. 456; Morris v. State, 146 Ala. 66, 41 So. 274. However, the more recent decisions of this court and of the Court of Appeals hold that the refusal of such a charge is not reversible error, particularly where, as here, the trial court adequately instructed the jury that the defendant must be acquitted unless shown to be guilty beyond a reasonable doubt. Edwards v. State, 205 Ala. 160, 87 So. 179; Russo v. State, 236 Ala. 155, 181 So. 502; Wilson v. State, 243 Ala. 1, 8 So.2d 422; Napier v. State, 26 Ala.App. 597, 164 So. 307; Reeves v. State, 28 Ala.App. 222, 182 So. 90; Duncan v. State, 31 Ala.App. 186, 13 So.2d 695. To like effect see Odom v. State, 253 Ala. 571, 46 So.2d 1."

We do not think the trial court erred in refusing this charge particularly where, as here, the trial court adequately instructed the jury in its oral charge, that the defendant must be acquitted unless shown to be guilty beyond a reasonable doubt. Stokley v. State, supra.

Reversed and remanded.

MERRILL, HARWOOD, MADDOX and McCALL, JJ., concur.

HEFLIN, C. J., dissents.

COLEMAN, J., dissents.

COLEMAN, Justice (dissenting):

## VI

I do not concur in the holding that the Court of Criminal Appeals erred in holding there was error in overruling objection to asking Mrs. Wilbanks as to whether or not she and her husband had stayed away from Barbara King's funeral. Under the decisions of this court in the four cases next quoted from, the ascertainment and adjudication of the state of the transcript of the evidence in the record before the Court of Criminal Appeals is the responsibility of that court and is not reviewable on certiorari. This court has said:

> "This court has repeatedly laid down and followed the rule that it will revise the rulings of the Court of Appeals upon certiorari only as to questions of law, and not upon a finding of facts, or in the application of the facts to the law.—Livingston v. State, 61 South. 54; Ex parte Savannah Williams, 62 South. 63; Ex parte Western Union Co., 63 South. 88. Therefore, the holding of the Court of Appeals that the record failed to disclose an exception to the ruling of the trial court in overruling objections as to certain parts of the evidence of Tom Dye was a finding upon facts, and is a ruling which we will not

revise." Kirkwood v. State, 184 Ala. 9, 10, 11, 63 So. 990.

> "In Kirkwood's Case, 184 Ala. 9, 63 South. 990 (petition for certiorari to the Court of Appeals), it was decided that the ascertainment and adjudication by the Court of Appeals of the state of the record before it was not reviewable on certiorari; the ruling being referred to the principle of previous decision here. Subsequent frequent illustrations of the principle are noted in the Minderhout Case, 195 Ala. 420, 71 South. 91, among others.

> " . . . Whether the ascertainment of the status indicated was well founded on the record before the Court of Appeals is not, under the principle of the Kirkwood Case, reviewable here. This court leaves the responsibility for the decision of such questions with the Court of Appeals." Ex parte Patt, 206 Ala. 196, 89 So. 432.

> " . . . In the recent case of Ex parte Patt, 89 South. 432, this court announced the rule stated in previous cases that the ascertainment and adjudication by the Court of Appeals of the state of the record before it was not reviewable on certiorari. See, also, Kirkwood's Case, [Kirkwood v. State,] 184 Ala. 9, 63 South. 990, and Minderhout's Case, 195 Ala. 420, 71 South. 91." Ex parte Williams, 207 Ala. 69, 70, 91 So. 915, 916.

> " . . . We are not permitted under our limited review to consider any of the evidence not set out by the Court of Appeals. . . . . " Clayton v. Ragsdale, 276 Ala. 321, 322, 161 So.2d 804, 805.

The holding of this court in the instant case is an overruling of many decisions and a clear reversal of the rule heretofore followed by this court for fifty-nine years in reviewing the appellate courts of this state on petition for certiorari.

## IX

I do not concur in the holding that refusal of defendant's requested Charge No. 17 was not error. The cases cited by the Court of Criminal Appeals appear to support the proposition that Charge No. 17 is a correct statement of the law. This court has said:

" . . . . The jury are not authorized to find the defendant guilty on the evidence of a single witness, upon whose testimony the question of guilt depends, if they have a reasonable doubt of the truth of his statements.—Washington v. State, 58 Ala. 355. . . . . ." Segars v. State, 86 Ala. 59, 60, 5 So. 558, 559.

The Court of Criminal Appeals concluded that the state did not make out a prima facie case except for Dr. Rehling's testimony that the bullet found in the wall of King's house was fired by Wilbanks' rifle; from a point immediately behind his house; and blew off the top of deceased's skull.

"It is well settled under our decisions that on certiorari this court will not enter into a redetermination of facts as found by the Court of Appeals, and such findings are not subject to review by this court. Ex parte Pesnell, 240 Ala. 457, 199 So. 726; Broadway v. Alabama Dry Dock & Shipbuilding Co., 246 Ala. 201, 20 So.2d 41." State Dept. of Industrial Relations v. Ford, 278 Ala. 352, 353, 178 So.2d 190, 191.

Unless this court read the testimony, this court cannot reasonably say that the finding of the Court of Criminal Appeals is incorrect or untrue, and, on the basis of that finding, the conclusion folows inescapably that the jury cannot find defendant guilty if they have a reasonable doubt as to the correctness of Dr. Rehling's opinion that the bullet was fired by defendant's rifle from a point immediately behind defendant's house as stated by the witness.

The jury might well believe beyond a reasonable doubt that the witness spoke truthfully when he stated what his opinion was; but, if the jury were not persuaded beyond a reasonable doubt that his stated opinion was correct, there would be no basis in the evidence to support a finding of guilty.

In the oral charge, the court did charge in the usual manner on presumption of innocence, reasonable doubt, reconciliation of conflicting testimony, and other matters; but I have not found anything in the oral charge that I can point to and say this part of the oral charge covers the proposition stated in Charge 17. The State has. not pointed out any such part of the oral charge. I am not persuaded that Charge 17 is covered by the oral charge or by any given charge.

In these circumstances, I am of opinion that defendant was entitled to have the court instruct the jury that:

" 'Defendant's Charge No. 17

" 'The Court charges the Jury that if a conviction in this case depends on the testimony of a single witness; and if the Jury have a reasonable doubt as to the correctness of the testimony of such witness, they cannot convict the Defendant.' "

## X

I agree that defendant's requested Charge No. 2 was adequately covered by the court's oral charge. Stokley v. State, 254 Ala. 534, 49 So.2d 284; Johnson v. State, 42 Ala.App. 511, 169 So.2d 773, ¶ [5]; Richardson v. State, 43 Ala.App. 412, 191 So.2d 251, ¶ [6].

For the reasons stated, I would quash the writ of certiorari.

HEFLIN, C. J., concurs in section IX of the foregoing dissenting opinion.