266 So.2d 321

In re Herbert ELLIOTT

v.

STATE.

In re Lonnie JOHNSON

v.

STATE.

In re Calvin MEANS

v.

STATE.

Ex parte STATE of Alabama ex rel. ATTORNEY GENERAL.

I Div. 745–747.

Supreme Court of Alabama.

Aug. 24, 1972.

William J. Baxley, Atty. Gen., Don C. Dickert and David W. Clark, Asst. Attys. Gen., for the State.

No brief for respondent.

COLEMAN, Justice.

Petitions of the State, by its Attorney General, for certiorari to the Court of Criminal Appeals to review and revise the judgment and decision of that court in Elliott v. State, Johnson v. State, and Means v. State, 48 Ala.App. 515, 266 So.2d 318.

Writs denied.

HEFLIN, C. J., and HARWOOD and McCALL, JJ., concur.

BLOODWORTH, J., concurs specially.

HEFLIN, Chief Justice (concurring):

In concurring that the writs be denied I do not wish to be understood as approving or disapproving the language used, or the statements of law contained in the Opinion of the Court of Criminal Appeals in these cases. See Cooper v. State, 287 Ala. 728, 252 So.2d 108. However, it appears to me that there were one or more reasons why each case should have been reversed, therefore, I would deny the writs.

BLOODWORTH, Justice (concurring specially).

I concur in the decision to deny the writs in these three cases. I need not give the reasons which prompt me to join in the decision, though I am not convinced that if we reviewed the Court of Criminal Appeals, the result would be any different from the one which that court reached.

However, I am convinced that serious questions have been raised by the State's petitions as to the correctness of the context in which several of the trial court's rulings arose. This prompts me to make the following observations.

I continue to adhere to the views which I expressed in Wilbanks v. State (1972), 289 Ala. 171, 266 So.2d 632, and in which decision a majority of this court joined.

In *Wilbanks*, supra, the Court of Criminal Appeals had reversed the trial court on grounds, inter alia, "that error is made to appear in overruling objection to asking Mrs. Wilbanks as to whether or not she and her husband had stayed away from Barbara King's funeral." We reversed.

The argument was made that we could not go to the full record to determine the context in which the objection arose. We rejected this argument. We held, viz:

"* * * Since no ruling was made by the trial court, there is, of course, an absence of reversible error.

* * * * * *

"*Clearly, the full record speaks for itself in this instance, and what it reveals with respect to the point in issue cannot be made the subject of dispute.*

* * * * * *

"It seems to us it would create an absurdity, as well as perpetuate a grave miscarriage of justice, were we to affirm the Court of Criminal Appeals' decision, as the dissent suggests we do, when we know, as a matter of fact, that court's opinion is based upon a misconception as to what actually transpired in the trial court with respect to the error charged." [Our emphasis]

It is perhaps redundant to add that the denial of a writ, or writs as the case may be, does not indicate this court's approval of the Courts of Appeals' decisions.

HARWOOD, J., concurs.