PER CURIAM.
This case is before us on petition for writ of certiorari filed by petitioner seeking a reversal of the Court of Criminal Appeals’ affirmance of his conviction, 361 So.2d 379.
Although the Court of Criminal Appeals’ opinion does not indicate the precise manner in which the issue of probable cause arose, there does not appear to be any factual dispute on this issue. We have gone to the record for a more complete understanding of this feature of that court’s opinion as we are permitted to do under our decisions. See Wilbanks v. State, 289 Ala. 171, 266 So.2d 632 (1972); Crim.Law, Ala. Dig. &wkey;1179.
We have found that probable cause was made an issue in the court below by petitioner’s counsel himself, who objected to the introduction of the fruits of a search unless probable cause is laid. Counsel for petitioner made no motion to exclude the jury during the time probable cause was being laid, although this is undoubtedly the best practice. Thus, petitioner cannot be heard to complain now.
WRIT DENIED.
TORBERT, C. J., and BLOODWORTH, FAULKNER, ALMON and EMBRY, JJ., concur.