I must dissent from the action of my brothers of the court in remanding the case to the trial court for further consideration. I would reverse the judgment of the court because of disqualification under § 25-4-78 (1). The material finding of fact of the trial court in paragraph 5 is that plaintiffs were laid off on December 1, 1977. There were negotiations in progress on a new contract between the coal industry, of which Black Diamond was a member, and the United Mine Workers Union, to which plaintiffs belonged. The Industry-Union contract in force on December 1 was to expire at 12:01 A.M., December 6, 1977. The employer gave plaintiffs their layoff notice in anticipation of an industry-wide strike by the UMW on December 6. These facts are undisputed.
Additional undisputed evidence was that negotiations had been in progress for more than four months and there was every reasonable expectation that agreement on a new contract was not going to be reached *Page 1230 
before midnight December 5. There was no dispute that it was union policy that there would be no work without a new contract. There was no contract by midnight, December 5, and a nationwide coal industry strike occurred on December 6 at 12:01 A.M. and continued until March 31, 1978.
The undisputed facts, including the facts found by the court, require disqualification under the statute and its construction and application in the cases, Dept. of Industrial Relations v.Walker, 268 Ala. 507, 109 So.2d 135 (1959); Ex parte Pesnell,240 Ala. 457, 199 So. 726 (1940); Dept. of Industrial Relationsv. Savage, 38 Ala. App. 277, 82 So.2d 435 (1955). The facts in those cases are remarkably similar to those in this case. The court said in Walker:
 [W]e find no error in the Court of Appeals holding that the direct cause of the unemployment was the labor dispute, nor do we find error in the holding that under the evidence, the employer was authorized in anticipation of a strike, to take proper measures for protection of its property from damage during a pendency of the strike.
Again, there is no dispute that the layoff of its employees by Black Diamond was because its supplier of coal for washing (Burgess Mining) had shut down its mining and winterized its equipment in anticipation of the industry-wide strike by plaintiffs' union. There is no dispute but that Black Diamond had no coal to wash and had been informed it would not receive any more when it drained its pumps, shut down its washing plant and laid off its employees. All of this, as found by the trial court, was in anticipation of the impending strike by all UMW members, including the plaintiffs. Applying the statute and the case law, there was a labor dispute in active progress in the industry and establishment in which plaintiffs were employed on December 1, 1977, and their layoff and unemployment were directly due to such dispute. I would hold that the trial court erred in applying the law to its own finding of fact and reverse and render for disqualification.
I perceive no reason for deciding the issue of availability for work under the statute. However, I would observe that in spite of the obvious game that was played by both the employer and the employees, there was no work available since there was no coal. Neither were the employees available for work at Black Diamond or anywhere else in the coal industry. The testimony was very clear that the employees were long-time UMW members and adherents to the UMW creed — "No contract-no work." There was testimony by each of them to that point. There was also testimony that the employees did not seek other employment because they had a job at Black Diamond which they expected to return to when the new contract was signed. The letter from the company advising the employees of availability of work in February 1978 and the response of the employees in going to the locked back gate of Black Diamond and remaining "a few minutes" were merely examples of each playing games with the other.
I dissent.